**UNITED STATES of America, Appellee,**

v.

**Bruce Ernest BERNLOEHR, Appellant.**

No. 87–5038.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 1, 1987.

Decided Nov. 23, 1987.

Robert S. Abdalian, Minneapolis, Minn., for appellant.

Franklin L. Noel, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

LAY, Chief Judge.

Bruce Bernloehr was convicted of eight counts of mail fraud, 18 U.S.C. § 1341 (1982), and one count of equity skimming, 12 U.S.C. § 1709-2 (1982). On appeal he asserts that he was denied the constitutional right to testify on his own behalf. Upon complete review of the record we must disagree. We affirm his conviction.

## I. Background

Bernloehr, a real estate broker and investor, was charged in the United States District Court for the District of Minnesota with ten counts of mail fraud and one count of equity skimming. During opening statements in his jury trial, Bernloehr's retained counsel made several references to the testimony the jury could expect to hear from Bernloehr. Bernloehr's attorney told the jury that Bernloehr's testimony would make clear to them that he had no intent to defraud or skim.

On the last day of the seven-day trial, the following interchange occurred:

Mr. Hanley (Bernloehr's attorney): Your Honor, we would call Bruce Bernloehr.

The Court: [1] Prior to calling Mr. Bernloehr, would it be reasonable to take a couple minutes for a recess?

Mr. Hanley: Yes, Your Honor.

Upon returning from the recess, Hanley did not call Bernloehr to the stand, but instead called a Mr. Knudson. After questioning Knudson, Hanley approached the bench and stated: "Your Honor, I'm somewhat in a dilemma, my client wants to testify and I don't want to have him testify. He has announced to the Court that he is going to testify, he is willing to accede to my advise [sic] that we rest at this point." After an on-the-record bench discussion, Hanley rested Bernloehr's case. Bernloehr did not object when his attorney rested, nor did he at any time indicate to the court that he still wished to testify.

The only recorded statement from Bernloehr indicating that he wished to testify

came at the sentencing hearing, where he had the following colloquy with the prosecutor:

Q. You indicated that you intend to prosecute an appeal in this matter.

As I understand it the issue you wish to raise on appeal is that the Judge didn't advise you of your right to testify before permitting you to rest, is that correct?

A. That's correct.

Q. You knew throughout the trial that it was always an option to you to testify, didn't you?

A. I was assuming that it was.

Q. Yes. And after discussing the matter with your attorney on the last day of trial you decided not to testify, isn't that correct?

A. I told him that I wanted to testify. It was his decision that I didn't testify.

Q. But you knew all along that you had, that it was an option to you to testify, you could get up on that very seat that you're now sitting in and tell the story to the jury that you wish to tell?

A. Well, that was never explained to me really.

The trial court found otherwise, however, stating to Bernloehr at various times during the sentencing hearing: "The Court cannot but be convinced that you knew full well of your right to testify. You were not, in fact, muzzled. * * * The Court is troubled that there may have been some indication [that there was a disagreement between Bernloehr and his attorney], although I must say that it appeared to the Court these matters had been resolved with a degree of comity between Counsel and his client."

Bernloehr now argues that his will to testify was "overcome" by his attorney and that the trial court had an affirmative duty to inquire as to why Bernloehr was not testifying.

## II. Discussion

In *Rock v. Arkansas*, —— U.S. ——, 107 S.Ct. 2704, 2709–10, 97 L.Ed.2d 37 (1987), the Supreme Court explicitly confirmed that criminal defendants have a constitutional right to testify on their own behalf. Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to * * * testify in his or her own behalf * * *."); *Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1, 97 S.Ct. 2497, 2510 n. 1, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring); *United States v. Curtis*, 742 F.2d 1070, 1076 (7th Cir.1984), *cert. denied*, 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986). Moreover, the defendant's waiver of his right to testify, like his waiver of other constitutional rights, should be made voluntarily and knowingly. *Cf., e.g., Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969) (defendant's guilty plea must be made intelligently and voluntarily because it entails waiver of constitutional rights to trial by jury, to confront one's accusers, and against self-incrimination); *Johnson v. Zerbst*, 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (waiver of right to counsel must be intelligently and competently made).

Here, Bernloehr, an apparently mature and sophisticated businessman, represented by able and experienced counsel,[2]

---

**2.** Bernloehr does not claim on this appeal that he was denied effective assistance of counsel, although he alludes to such a claim at various points in his brief. We note that the trial court specifically stated during the sentencing hearing that "competence of Counsel was not at all at question. Counsel was zealous, prepared, fully knowledgeable about the facts and [a] highly competent practitioner in this Court."

In contrast, cases in which courts have found a denial of a defendant's right to testify almost invariably involve ineffective assistance of counsel or impermissible actions by the trial judge. *See, e.g., United States ex rel. Wilcox v. Johnson*, 555 F.2d 115, 120 (3d Cir.1977) (trial judge ruled that if defendant took the stand his counsel would be permitted to withdraw; held to be an impermissible infringement of the defendant's right to testify and his right to counsel); *United States v. Poe*, 352 F.2d 639, 640–41 (D.C.Cir.1965) (defendant was deprived of fair trial when he did not testify, because his coun-

made no objection when his counsel rested without calling Bernloehr to the stand. As the First Circuit has stated, "[t]he accused must act affirmatively" in these circumstances. *United States v. Systems Architects, Inc.,* 757 F.2d 373, 375 (1st Cir.), *cert. denied,* 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 115 (1985); *cf. United States v. Janoe,* 720 F.2d 1156, 1161 n. 9 (10th Cir. 1983) (right to testify not denied where, *inter alia,* "defendant made no objection to his attorney's statements that defendant would not testify and made no request to testify"), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984); 18 U.S.C. § 3481 (1982) ("the person charged shall, *at his own request,* be a competent witness") (emphasis added). The defendant may not, as Bernloehr did, indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was "overcome." *See Hollenbeck v. Estelle,* 672 F.2d 451, 453 (5th Cir.) ("Post-conviction displeasure with his attorney's advice does not change the basic constitutional determination."), *cert. denied,* 459 U.S. 1019, 103 S.Ct. 383, 74 L.Ed.2d 514 (1982). Nothing in the record supports such a claim, and we therefore agree with the trial court's assessment that Bernloehr "[was] not, in fact, muzzled."

 Bernloehr argues further, however, that this court should adopt a rule requiring the trial court to inquire whether the defendant has voluntarily relinquished his right to testify.[3] Bernloehr does not urge such a rule in every case; rather, he argues that this rule should apply only in those cases where it appears on the record that there is a conflict between the lawyer and the defendant as to whether the defendant will testify.

We need not decide the question posed by Bernloehr's argument, however, because, contrary to his assertions, no such conflict appeared on the record here.[4] Judgment of conviction affirmed.

---

sel misinformed him of the consequences of taking the stand); *United States v. Butts,* 630 F.Supp. 1145, 1148 (D.Me.1986) (counsel's "woefully deficient" representation resulted in a deprivation of defendant's right to testify).

3. Some courts have criticized such a procedure as being overly intrusive of the attorney-client relationship; there is also a danger of improper comment on or judicial interference with the defendant's right not to testify. *See People v. Curtis,* 681 P.2d 504, 519 (Colo.1984) (Erickson,

C.J., concurring); *see also State v. Albright,* 96 Wis.2d 122, 134, 291 N.W.2d 487, 493, *cert. denied,* 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980).

4. Bernloehr's counsel stated to the court that his client "was willing to accede to my advise [sic] that we rest at this point." As the trial judge later stated, it thus appeared to him that "these matters had been resolved with a degree of comity between Counsel and his client."