[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition of habeas corpus in which the petitioner claims he is illegally confined for the following reasons: CT Page 2071
1. His trial counsel failed to conduct an adequate investigation of the case; and
2. Failed to contact and call two witnesses at trial;
3. And, further did not allow the petitioner to take the witness stand and testify on his own behalf.
This last issue is determinative. Trial counsel admitted without reservation that he intentionally denied and thwarted the petitioner's request to testify.
 It is recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury trial, testify in his own behalf, or take an appeal.
Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987 (1987), quoting Wainwright v. Sykes, 433 U.S. 72, 93, n. 1, 97 S.Ct. 2497, 2509 n. 1, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring).
It is thus clear that the decision on whether or not a defendant is to testify at trial is not within the parameter of choices or trial strategy left within the discretion of trial counsel. See also Poe v. United States, 233 F. Sup. 173
(1964) (The right to testify is personal to the accused); State v. Davis, 199 Conn. 88 (1986) ("It has been generally recognized that decisions concerning . . . such inherently personal rights of fundamental importance to the defendant as those referred to in Jones and Wainwright" rest with the defendant).
In Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704
(1987), the Supreme Court held that "[a]t this point in the development of our adversary system, it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." Id. at 2708. The Court reiterated that "every criminal defendant is privileged to testify in his own defense, or to refuse to do so. `. . . The choice of whether to testify in one's own defense . . . is an exercise of the constitutional privilege." Id. at 2710, quoting Harris v. New York, 401 U.S. 222, 230,91 S.Ct. 643, 648, 28 L.Ed.2d 1 (1971). See also United States v. Bernloehr, 833 F.2d 749 (1987) ("Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right.")
The Court in Rock noted that a criminal defendant's CT Page 2072 right to testify on his own behalf is found in three separate and distinct clauses of the United States constitution. First, the fourteenth amendment "secures the right of a criminal defendant to choose between silence and testifying in his own behalf." Rock 107 S.Ct. at 2709, quoting Ferguson v. Georgia, 365 U.S. 570, 602, 81 S.Ct. 756, 773. (Clark, J., concurring). Secondly, the sixth amendment's compulsory process clause allows a defendant to call witnesses on his own behalf. The Court reasoned that "[i]ncluded in the accused's right to call witnesses whose testimony is material and favorable to his defense, is a right to testify himself, should he decide it is in his favor to do so." Id. at 2709. Finally, the right of a criminal defendant to testify on his own behalf is also found in the "fifth amendment's guarantee against compelled testimony." Id. at 2710. The Court, quoting Harris v. New York, supra, stated that "[E]very criminal defendant is privileged to testify in his own defense, or to refuse to do so." Id. at 2710. See also Alicea v. Gagnon, 675 F.2d 913 (7th cir. 1982) (A criminal defendant has a constitutional right to testify in his own behalf under the fifth, sixth andfourteenth amendments.) A constant theme throughout the Court's analysis is that a defendant's right to testify is a privilege guaranteed by the constitution. It is a privilege personal to each criminal defendant. In the absence of a knowing, voluntary and intelligent waiver of this privilege, United States v. Bernloehr, 833 F.2d 749, 751 (8th Cir. 1987), a criminal defendant is free to exercise this privilege as he or she sees fit.
 C. The Rules of Professional Conduct and the American Bar Association Standards For Criminal Justice recognize that defense counsel must accede to a criminal defendant's decision to testify on his own behalf.
The Connecticut Rules of Professional Conduct state that the decision on whether or not a criminal defendant will testify at trial lies solely within the province of the defendant. Specifically, Rule 1.2 Scope of Representation, provides in part that: "In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify (emphasis added). Connecticut Practice Book, (Third Ed. 1989), p. 13.
Similarly, the A.B.A. Standards for Criminal Justice, standard 4-5.2., Control and direction of the case, provides that: CT Page 2073
 (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter (ii) whether to waive jury trial; and (iii) whether to testify in his or her own behalf. A.B.A. Standards for Criminal Justice, (Second Ed. 1986), p. 4-65.
It is clear that trial counsel's failure to allow the petitioner to testify at his trial also violated the above standards.
This Court finds that petitioner has been denied a fundamental right that can only be corrected by vacating the conviction and remanding this matter to the Judicial District of New Haven for a new trial within six months of this date or the petitioner be released.
Dunn, J.