**Mohamed Abdul Hafiz ELTABECH, Appellant,**

v.

**Frank X. HOPKINS, Appellee.**

**No. 92–2337.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 22, 1993.

Decided June 28, 1993.

Emil M. Fabian, Omaha, NE, argued, for appellant.

Marcie C. Pawol, Asst. Atty. Gen., Lincoln, NE, argued, for appellee.

Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Mohamed El–Tabech, a Nebraska inmate, appeals the district court's [1] denial of his petition for a writ of habeas corpus. He argues that: (1) he was denied the right to testify in his own behalf at trial; (2) his trial counsel was ineffective; and (3) the trial court committed other errors of constitutional magnitude. We affirm.

## I. BACKGROUND

El–Tabech was convicted by a jury of first-degree murder and use of a deadly weapon to commit a felony. He was sentenced to consecutive terms of life imprisonment for the murder and twenty years for use of a deadly weapon. The Nebraska Supreme Court affirmed El–Tabech's convictions and sentences on appeal. *State v. El–Tabech*, 225 Neb. 395, 405 N.W.2d 585 (1987). After holding an evidentiary hearing on several ineffective assistance of counsel claims, the Nebraska courts denied El–Tabech post-conviction relief. *State v. El–Tabech*, 234 Neb.

---

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

831, 453 N.W.2d 91 (1990). El–Tabech then filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## II. DISCUSSION

### A. Right To Testify

■ El–Tabech argues that he was denied the constitutional right to testify on his own behalf at trial. *See Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The state contends, however, that El–Tabech waived his right to testify. We have previously held that since the right to testify is a fundamental constitutional guarantee, only the criminal defendant is empowered to waive it. *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir.1987); *see Rock,* 483 U.S. at 53 n. 10, 107 S.Ct. at 2710 n. 10. Furthermore, like the waiver of other constitutional rights in criminal proceedings, the defendant's waiver of his right to testify must be made knowingly and voluntarily. *Bernloehr,* 833 F.2d at 751; *see also Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969) (guilty plea); *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (waiver of right to counsel).

It is clear from the record that the defense did not call El–Tabech to testify at trial. El–Tabech argues, however, that the record is unclear as to whether he voluntarily waived his right to testify. El–Tabech contends that he did not waive this right. He claims that his attorneys decided that he should not testify and therefore did not call him as a witness, but that he never acquiesced in this

decision. El–Tabech testified at the state court evidentiary hearing on post-conviction relief that he tried, more than once, to alert the trial judge to his wish to testify by raising his hand, but the judge indicated that he would not speak directly with El–Tabech since he was represented by counsel.

El–Tabech asserts that his mere silence at trial does not indicate a knowing and voluntary waiver of his constitutional right to testify.[2] According to El–Tabech, when the defense rested without calling him as a witness, it was incumbent upon the trial court to affirmatively establish on the record whether El–Tabech knew of his right to testify and whether he voluntarily waived this right. *See United States v. Martinez,* 883 F.2d 750 (9th Cir.1989) (Reinhardt, J., dissenting), *vacated,* 928 F.2d 1470 (9th Cir.1991). Absent an on-the-record affirmative waiver, El–Tabech suggests that we should presume he did not waive his right to testify.[3]

We do not agree that the record is unclear regarding El–Tabech's voluntary waiver of the right to testify in his own behalf. Both of El–Tabech's trial attorneys testified at the state post-conviction hearing that El–Tabech made the decision not to testify based on their advice. Although El–Tabech asserts that he raised his hand several times at trial and was admonished by the judge to address the court only through his attorneys, our review of the trial transcript has uncovered no reference to these events. Furthermore, the trial record reveals that El–Tabech was present during a conference with the judge where a proposed jury instruction regarding the fact that he did not testify was discussed.

---

**2.** In *Bernloehr* we held that the defendant voluntarily waived his right to testify, noting that the defendant, "an apparently mature and sophisticated businessman, represented by able and experienced counsel, made no objection when his counsel rested without calling Bernloehr to the stand." *Bernloehr,* 833 F.2d at 751–52 (footnote omitted). El–Tabech distinguishes *Bernloehr* on two grounds: (1) unlike the defendant in that case, El–Tabech is unfamiliar with American courts and laws, having lived in this country for only two years; and (2) El–Tabech allegedly persisted in his wish to testify throughout trial.

**3.** This is an issue of recent debate in academia and in the courts. *Compare People v. Curtis,* 681 P.2d 504 (Colo.1984) (judge should conduct on-

the-record colloquy with defendant to establish waiver in cases where defendant does not testify); *Martinez,* 883 F.2d at 764 (Reinhardt, J., dissenting) (same); Reed Harvey, Note, *Waiver of the Criminal Defendant's Right to Testify: Constitutional Implications,* 60 Fordham L.Rev. 175 (1991) (same) *with United States v. Teague,* 953 F.2d 1525 (11th Cir.) (defense attorney is responsible for safeguarding defendant's right to testify), *cert. denied,* —— U.S. ——, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992); Timothy P. O'Neill, *Vindicating the Defendant's Constitutional Right to Testify at a Criminal Trial: The Need for an On-the-Record Waiver,* 51 U.Pitt.L.Rev. 809 (1990) (defense attorney should put defendant's waiver of the right to testify on the record in the judge's presence).

He said nothing at that time. El–Tabech's conduct during trial and at the conference with the judge impugns his contention that he persisted in his wish to testify throughout trial. Thus, this is not a case where we are asked to infer El–Tabech's voluntary waiver from his mere silence at trial. The record as a whole supports the state court's factual finding that El–Tabech voluntarily waived his right to testify. *See El–Tabech,* 453 N.W.2d at 95.

■ Even if the record were silent, we would not reach the issue of whether the Constitution requires an on-the-record colloquy because El–Tabech defaulted the argument in state court.[4] In his petition for state post-conviction relief El–Tabech's only claim concerning his right to testify was couched in terms of ineffective assistance of counsel. App. at 3. El–Tabech suggested for the first time in this federal habeas proceeding that the state judge had an independent constitutional obligation to establish an affirmative on-the-record waiver of El–Tabech's right to testify. This argument is wholly unrelated to the elements of an ineffective assistance of counsel claim. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Accordingly, federal habeas review of El–Tabech's current constitutional claim is barred unless he can demonstrate cause for his failure to raise the issue in the state courts and prejudice. *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

■ Although the district court did not address the procedural default and therefore did not consider whether El–Tabech could show cause or prejudice, we find that it is not possible for El–Tabech to do so. To show cause, El–Tabech must demonstrate some external impediment which prevented him from raising the issue in state court. *McCleskey v. Zant,* 499 U.S. 467, ——, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). El–Tabech had access to all of the evidence necessary to make his claim before the state evidentiary hearing on post-conviction relief.

In addition, we discussed the underpinnings of the on-the-record colloquy argument without deciding the question in *Bernloehr,* 833 F.2d at 752, which was published before the state post-conviction hearing. Thus, El–Tabech had the means to raise the claim in the state proceedings. The failure of El–Tabech's counsel to develop the claim will not excuse the procedural default. *Jones v. Lockhart,* 977 F.2d 444, 446 (8th Cir.1992) (failure to make a legal argument that was available and apparent does not amount to cause); *Nolan v. Armontrout,* 973 F.2d 615, 617 (8th Cir.1992) (habeas petitioner does not have a right to constitutionally effective attorney in state post-conviction proceedings).

## B. Ineffective Assistance of Counsel

El–Tabech argues four instances of allegedly ineffective assistance of counsel: (1) defense counsel did not allow El–Tabech to testify in his own behalf; (2) defense counsel did not bring El–Tabech's wish to testify to the attention of the trial court; (3) defense counsel did not call a witness as requested by El–Tabech; and (4) defense counsel delivered an allegedly incompetent opening statement.

To prevail on his ineffective assistance of counsel claims, El–Tabech must demonstrate that his attorneys' conduct was professionally unreasonable under the circumstances and that his defense was prejudiced by their professionally unreasonable actions. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). In order to establish prejudice, it is not enough to show a reasonable probability that the result of the trial would have been different absent the constitutionally deficient performance of counsel. El–Tabech must show that counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

---

**4.** We also question whether we could announce and apply such a rule in a collateral attack on El–Tabech's conviction. *See Saffle v. Parks,* 494 U.S. 484, 494–95, 110 S.Ct. 1257, 1257–58, 108 L.Ed.2d 415 (1990); *Teague v. Lane,* 489 U.S. 288, 311–13, 109 S.Ct. 1060, 1075–77, 103 L.Ed.2d 334 (1989).

El–Tabech asserts that his right-to-testify arguments set forth earlier in this opinion also demonstrate his trial counsel's ineffectiveness with regard to his first two ineffective assistance theories. We agree with the district court that El–Tabech has failed to establish either deficient performance or prejudice. At the state post-conviction hearing, one of El–Tabech's two trial attorneys testified that after holding practice sessions with El–Tabech, he became concerned that the jury would not believe El–Tabech and that El–Tabech's tendency to fly into rages on cross-examination would create a bad impression for the jury. Both attorneys also expressed concern that unfavorable information, which had been the subject of successful motions in limine, would be elicited on cross-examination. El–Tabech has failed to show that defense counsel's decision not to call him as a witness was anything but sound trial strategy based on the circumstances of the case. Since it is likely that additional inculpatory evidence would have been admitted had El–Tabech testified, the failure to call El–Tabech does not render his conviction unreliable.

El–Tabech next contends that his trial attorneys were ineffective for failing to call a witness who he claims had both a motive and opportunity to commit the murder for which El–Tabech was convicted. At the state post-conviction hearing, El–Tabech's attorneys testified that they feared calling this witness would hinder rather than assist El–Tabech's defense. The district court discussed defense counsel's rationale for not calling this witness and found that they made a professionally reasonable decision. *El–Tabech v. Clarke*, No. CV90–L–146, mem. op. at 4 (D.Neb. May 26, 1992). We need not repeat the details here. After a careful review of the record, we agree with the district court that El–Tabech has failed to establish either that his attorneys' performance was deficient or prejudice as to this claim.

Finally, we agree with the district court that El–Tabech has failed to demonstrate prejudice stemming from the defense's allegedly incompetent opening statement. Our review of the record suggests that El–Tabech had the benefit of more than constitutionally adequate defense counsel.

### C. Trial Error

El–Tabech alleges that the trial court erred by disqualifying his original public defender based on a conflict of interest, by failing to dismiss the case for insufficient evidence, and by refusing to respond to El–Tabech when he allegedly raised his hand at trial. We have carefully reviewed the record and find these allegations to be meritless.

### III. CONCLUSION

For the reasons discussed above, the decision of the district court denying the writ of habeas corpus is affirmed.