12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael MANN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-3470.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 4, 1993.
Filed: January 4, 1994.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before LOKEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 W.D.Mo.
 AFFIRMED.
 PER CURIAM.
 
 
 1
 Michael A. Mann, a federal prisoner, appeals the district court's[1] order denying his motion for postconviction relief under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 In July 1987, the government charged Mann and two others with robbing a federally-insured credit union, in violation of 18 U.S.C. Sec. 2113(a). A jury found Mann guilty, and the district court sentenced him to eighteen years of imprisonment. We affirmed his conviction. United States v. Mann, No. 87-2438 (8th Cir. July 7, 1988) (unpublished per curiam).
 
 
 3
 In 1991, Mann filed this motion and an amended motion arguing that (1) there was no evidence that the credit union was federally insured; (2) counsel rendered ineffective assistance; (3) the district court committed error by giving an aiding-and-abetting instruction to the jury; (4) the court improperly refused to give two cautionary jury instructions he requested; (5) statements Mann made to arresting officers and to a deputy marshal should not have been admitted into evidence; and (6) the court was biased against him because it overruled numerous defense objections and admitted unfavorable evidence against him. He also raised numerous other claims which do not require discussion here. Following the government's response, the district court denied Mann's motion without a hearing.
 
 
 4
 On appeal, Mann challenges the government's contention below that it introduced at trial a certificate of insurance showing that the credit union was federally insured. He renews his other arguments regarding instructional error, judicial bias, and inadmissibility of his post-arrest statements. He also argues that the court erred in ruling on many of his grounds (particularly, ineffective assistance) without first holding an evidentiary hearing.
 
 
 5
 Certificate of Insurance. We see no reference in the trial transcript to a certificate of insurance or to the insured status of the credit union. The record contains other evidence, however, that the government introduced the certificate of insurance into evidence. A pretrial list of exhibits filed by the government shows "Certificate of Insurance" as exhibit two. Another copy of the exhibit list appears in the record near the trial minutes. This copy contains handwritten entries, such as those normally entered by a court reporter or calendar clerk during a trial, which indicate that exhibit two was received without objection at 10:01 a.m. on the first day of trial-forty-five minutes after a credit union employee began her testimony. A district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the claimant is not entitled to relief. United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam). The record here shows that the certificate was received into evidence, thereby providing a basis for the jury finding of insured status.
 
 
 6
 Ineffective assistance. Mann argues that counsel was ineffective because he threatened to withdraw if Mann testified at trial, and he failed to inform Mann that he could petition for certiorari to the Supreme Court. We conclude that the district court properly rejected these ineffective-assistance claims. The right to testify is a fundamental one, which only the defendant may waive. El-Tabech v. Hopkins, 997 F.2d 386, 388 (8th Cir. 1993). Mann did not, however, state specifically what he would have testified or how that testimony would have changed the outcome of his trial. He also has failed to show his case was "certworthy." Thus, he has not satisfied the prejudice prong of the Strickland test. See Strickland v. Washington, 466 U.S. 668, 694 (1984). We also conclude that the district court properly rejected Mann's other ineffective-assistance claims, because they either were too vague or failed for lack of a showing of prejudice.
 
 
 7
 Aiding-and-abetting instruction.Mann argues that the district court's instruction on aiding and abetting resulted in his conviction of a crime with which he was not charged and of which he had no notice. Mann did not object at trial to the instruction, and-as the district court observed-he did not raise the claimed error on direct appeal. He must therefore show cause and prejudice to excuse his procedural default. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Mann stated below that counsel intentionally overlooked this issue on direct appeal. Even if he has thereby shown cause, he has failed to show prejudice, because we agree with the district court that the instruction was proper. See United States v. Lincoln, 925 F.2d 255, 256 (8th Cir.) (indictment need not be amended before instructing jury, and convicting defendant, on lesser offense of aiding and abetting principal crime), cert. denied, 111 S. Ct. 2838 (1991). Mann cannot claim unfair surprise because the government's proposed jury instructions, which were mailed to defense counsel before trial, contained an aiding-and-abetting instruction. Moreover, the evidence supported the instruction. See id. at 256 (defendant had clear notice of instruction before trial began, and ample evidence justified instruction).
 
 
 8
 Cautionary jury instructions/motion to suppress statement to arresting officers. We agree with the government that these issues were decided against Mann on direct appeal. Thus, we need not revisit them. See United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam) (issues decided on direct appeal cannot be raised in section 2255 motion).
 
 
 9
 Statement to deputy marshal.Deputy United States Marshall Carol Vollmecke testified at trial that Mann asked her in July 1987 about the penalty for bank robbery. When she told him it depended on whether a gun was involved, he replied that he did not have a gun-"the other guy" did. Mann argues his statement should have been excluded as unsubstantiated hearsay. He did not object to the challenged statement as hearsay at trial. In any event, we agree with the government that the statement was not hearsay under Federal Rule of Evidence 801(d)(2)(A) (statement not hearsay if it is party's own statement, offered against party). The record negates Mann's additional argument that the government acted in bad faith in not earlier disclosing the statement.
 
 
 10
 Judicial bias/remaining claims.We agree with the district court and the government that Mann's claim regarding judicial bias fails for lack of specificity. After reviewing Mann's remaining claims and the government's responses-which served as the basis for the district court's rejection of those claims-we conclude that the court properly denied Mann's motion without an evidentiary hearing. We also deny Mann's motion for appointment of counsel.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri