# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2050

_____

Michael Williams,                        *
                                         *
    Petitioner - Appellant,     *
                                         *
                                         *  Appeal from the United States
    v.                          *  District Court for the
                                         *  Eastern District of Missouri.
Mike Bowersox,                           *
                                         *       **[UNPUBLISHED]**
    Respondent - Appellee.      *

_____

Submitted:  January 13, 1997

Filed: March 4, 1997

_____

Before LOKEN, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Michael Williams was convicted of first degree murder after he entered a home in which three adults and numerous children were present and shot Kevin Clark, who had reneged on a drug debt. The Missouri Court of Appeals affirmed the conviction and the denial of post-conviction relief. State v. Williams, 853 S.W.2d 371 (Mo. App. 1993). Williams then filed this petition for a writ of habeas corpus, presenting eight claims that he had previously presented to the state courts. The district court[1] denied the petition, and Williams appeals. We affirm.

_____

[1]The HONORABLE EDWARD L. FILIPPINE, United States District Judge for the Eastern District of Missouri, who adopted the Report and Recommendation of the HONORABLE LAWRENCE O. DAVIS, United States Magistrate Judge for the Eastern District of Missouri.

On appeal, Williams first argues that the trial record does not reflect that he knowingly and intelligently waived his constitutional right to testify in his own defense. This issue is procedurally defaulted, as it was in El-Tabech v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993). Williams only raised in the state courts and in the district court the claim that he was denied his right to effective assistance of counsel because counsel failed to inform Williams of his right to testify and failed to call him as a witness. The state courts found that Williams knew of his right to testify and, following counsel's advice, decided not to do so.

Williams next contends (I) that he was denied the right to offer testimony in his defense when the trial court excluded two witnesses who had not been timely endorsed as defense witnesses, and (ii) that trial counsel was ineffective for failing to endorse these witnesses. Properly deferring to the fact-finding of the state courts, the Magistrate Judge concluded that the exclusion of these witnesses did not deny Williams a fundamentally fair trial because "[t]heir testimony would have been dubious at best and completely collateral to the question of petitioner's guilt or innocence," and that trial counsel's failure to endorse resulted from her "strategic decision to not call these witnesses because she found their testimony unbelievable." Having carefully reviewed the trial and post-conviction record, we reject these contentions for the reasons given by the state courts and by the district court. See 8th Cir. Rule 47B.

The judgment of the district court is affirmed.

A true copy.

Attest:

-3-

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.