# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1885

_____

Joseph Washington,       *

                *   Appeal from the United States

      Appellant,      *   District Court for the Eastern

                *   District of Missouri.

                *

   vs.           *     [UNPUBLISHED]

                *

Mike Kemna and Jeremiah Nixon,   *

                *

      Appellees.      *

_____

Submitted: March 15, 2001
Filed: June 12, 2001

_____

Before HANSEN and HEANEY, Circuit Judges, BATTEY,[1] District Judge.

_____

PER CURIAM.

Joseph Washington (Washington), convicted and sentenced in state court for first degree robbery and felonious restraint, appeals from the order of the District Court[2]

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Richard E. Webber, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We granted a certificate of appealability on the issue of whether Washington's trial attorney was ineffective in purportedly failing to advise him of his right to testify. We affirm.

We may issue a writ of habeas corpus pursuant to section 2254 only if the state court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts. . . ." 28 U.S.C. § 2254(d). In this case, the standard requires us to affirm unless the state court's application of what it correctly cited as the appropriate federal law is "objectively unreasonable." See Williams v. Taylor, 529 U.S. 362, 409, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

Washington contends his counsel was ineffective for failing to inform him of his right to testify and thereby preventing him from testifying on his own behalf. Accordingly, Washington must show that his counsel performed deficiently and that the substandard performance prejudiced the outcome of the proceeding. See Frey v. Schuetzle, 151 F.3d 893, 898 (8th Cir. 1998) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)).

A criminal defendant's right to put on a defense, including the right to testify in one's own behalf, is a fundamental constitutional guarantee that can only be waived by the defendant himself. See United States v. Bernloehr, 833 F.2d 749, 751 (8th Cir. 1987); see also Harris v. New York, 401 U.S. 222, 225, 91 S. Ct. 643, 645, 28 L. Ed.

2d 1 (1971). An effective waiver or relinquishment of a constitutional right must be made intelligently, voluntarily, and knowingly. See Foster v. Delo, 11 F.3d 1451, 1457 (8th Cir. 1994) (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938)).

This Court has previously been faced with the question of whether a defendant knew he had a right to testify and thereby waived this right. In Bernloehr, 833 F.2d at 751, we concluded that the defendant, having known of his right to testify, waived this right once he failed to object when his counsel rested without calling him to the stand. Similarly, in El-Tabech v. Hopkins, 997 F.2d 386 (8th Cir. 1993), we observed that the defendant's conduct during trial and at the jury instruction settlement conference impugned his claim that he was not advised of his right to testify, and thus, we held he too had knowingly waived this right.

Having reviewed the record in the instant case, we are faced with a somewhat different question than in Bernloehr and El-Tabech. Nonetheless, the record *does* demonstrate that Washington and his counsel discussed the ramifications of Washington testifying on his own behalf. At the state evidentiary hearing, Washington stated:

Q:     Did you tell [your counsel] that you wanted to testify?

A:     Yes.

Q:     Did you and [your counsel] discuss the fact you had prior felony convictions?

A:     Yes.

Q: Did [your counsel] tell you that if you testified at trial, your prior felony convictions would come out before the jury?

A: Yes.

Washington's counsel testified similarly:

Q: Did you have occasion to call the defendant to testify on his own behalf?

A: No, we decided probably because of this record – you know, my memory is a little hazy, but we decided not to have him testify as was his right not to testify.

Q: Did the defendant have a record to your recollection?

A: Well, you've refreshed my recollection, and he did, yeah.

Q: Okay. And so based on that you decided it was better not to call the movant to testify in his own behalf?

A: Apparently, yeah.

State Evidentiary Hearing Transcript at 19, 31.

Washington has framed his claim as that of ineffective assistance of counsel. Thus, in evaluating his counsel's performance under Strickland, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional" competence. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Having said this, attorneys should take care to see that the record clearly supports a knowing and voluntary waiver of the defendant's fundamental right to testify.

-4-

While we believe the record in this case could be clearer, it does show that Washington and his counsel discussed the possibility that he might testify on his own behalf, and that his counsel advised against him taking the stand. In view of the presumption afforded to counsel under Strickland, coupled with the evidence in the record, we do not believe Washington has shown that his counsel's conduct fell below an objective standard of reasonableness. Nevertheless, even assuming for the sake of argument that counsel's performance could be characterized as deficient, Washington has also failed to demonstrate that this deficiency resulted in any prejudice.

A showing of prejudice under Strickland requires the defendant to establish that counsel's errors were so serious as to deprive defendant of a fair proceeding, thereby rendering the result unreliable. Accordingly, the defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985) (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). No such showing has been made in this case.

Washington contends that the failure of his trial counsel to advise him of his right to testify prevented the jury from hearing "vital mitigating and exculpatory evidence . . . ." Appellant's Brief at 16. Washington has not, however, stated specifically what he would have testified to or how this testimony would have changed the outcome of his trial. See Strickland, 466 U.S. at 696, 104 S. Ct. at 2069 (defendant has the burden of showing that he was prejudiced by the deficient conduct of counsel). Therefore, we conclude Washington has failed to affirmatively prove prejudice resulting from his counsel's performance. See Strickland, 466 U.S. at 693, 104 S. Ct. at 2067-68.

Though the substance of Washington's testimony has not been outlined in the pleadings before this Court, according to evidence from the state post-conviction proceeding, Washington's testimony at trial would have merely reiterated the alibi defense already provided through the trial testimony of his mother, Patricia Washington. Thus, had he testified, Washington would have told the jury (as his mother already had) that he was at home at the time of the alleged offenses and thus could not have committed the crimes charged. In short, Washington presented ample evidence at trial in support of his alibi defense, but the jury rejected this evidence and convicted Washington based on substantial evidence presented by the State. We cannot conclude that Washington's testimony would have altered this verdict. See Strickland, 466 U.S. at 691, 104 S. Ct. at 2066; see also United States v. Thomas, 992 F.2d 201, 205 (8th Cir. 1993).

There is an additional reason for affirmance. The Missouri state courts, by finding that defense counsel's version of what transpired between him and his client to be more credible when faced with conflicting testimony about what happened at trial, also found as fact that Washington was aware of his right to testify, that his counsel advised him of the risks in doing so, and that together they made a mutual decision that he would not take the stand ("we decided not to have him testify"). This fact-finding was not unreasonable in light of the evidence presented in the state court proceedings, and is entitled to the statutory presumption of correctness under 28 U.S.C. § 2254(e)(1). Based on the state court finding, our district court's conclusion to deny habeas relief was entirely correct. See 28 U.S.C. § 2254(d). Accordingly, we affirm.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. I believe the majority, like the district court and the state postconviction court, glosses over Washington's properly-exhausted claim that counsel failed to inform him of his constitutional right to decide for himself whether to testify in his own defense.

A criminal defendant has the "ultimate authority to make certain fundamental decisions regarding the case, [including] whether to . . . testify in his or her own behalf." Jones v. Barnes, 463 U.S. 745, 751 (1983). In both his state-court postconviction motion (Respondent's Ex. C at 13) and his federal habeas petition (R. at 7), Washington claimed counsel was ineffective for failing to inform him of that right. I find nothing in Washington's testimony at the state-court evidentiary hearing[3] or in counsel's testimony at the same hearing that contradicts this assertion. I also note that while Washington was convicted as a prior and persistent offender, the predicate convictions were both obtained by guilty plea (Respondent's Ex. A Vol. II at 391-94), and Washington may well have had no previous occasion to be informed of his right to take the stand.

---

[3]The State, in its brief, mischaracterizes Washington's testimony, contending that his theory at the post-conviction evidentiary hearing "was that he was aware of his right to testify but trial counsel did not let him testify," and cites to the portion of hearing transcript quoted by the majority. (Appellees' Br. at 11.) I fail to understand how Washington's hearing testimony in any way concedes his awareness of his right to ignore counsel's advice about taking the stand.

Finally, I disagree with the majority's conclusion that Washington could not have suffered prejudice because his testimony in his own defense would be cumulative. "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." Green v. United States, 365 U.S. 301, 304 (1961). I would therefore remand to the district court for further inquiry into the factual basis for his claim.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.