# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2718

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Jason Anthony Hayes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 14, 2003

Filed: February 25, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jason Anthony Hayes appeals his convictions for being a domestic abuser in possession of a firearm (18 U.S.C. §§ 922(g)(9) (2000), 924(a)(2) (2000)) and a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) (2000), 924 (a)(2) (2000)). For reversal, Hayes claims the District Court,[1] in denying Hayes's motion for a new trial, erred by finding, after an evidentiary hearing, that Hayes knowingly and voluntarily waived his right to testify.

_____

[1]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa.

The District Court did not err. A defendant who does not alert the trial court that he wishes to testify when his attorney rests without calling him to the stand has waived his right to testify. United States v. Bernloehr, 833 F.2d 749, 751-52 (8th Cir. 1987). In the present case, Hayes did nothing at trial to signal the District Court that he disagreed with his trial counsel's decision to rest without Hayes's testimony. Under Bernloehr, Hayes is barred from claiming he was denied his right to testify.

Even if Bernloehr were not controlling, the record is replete with evidence to support a finding that Hayes was aware of, and knowingly and voluntarily waived, his right to testify. This evidence includes Hayes's previous experience with the criminal-justice system and the testimony of his trial counsel. The District Court expressly found that Hayes was not a credible witness, a finding that is not clearly erroneous. See United States v. Santos-Garcia, 313 F.3d 1073, 1081 (8th Cir. 2002) (noting that a district court's credibility findings are virtually unreviewable on appeal).

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.