# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1186

_____

United States of America,       *
     *
      Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the Western
     *    District of Missouri.
Antonio C. Macias,      *
     *     [UNPUBLISHED]
      Appellant.      *

_____

Submitted:  April 6, 2004

Filed:  April 15, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Antonio Macias challenges the judgment entered by the district court[1] upon a jury conviction for drug offenses and forfeiture of property. His counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred in accepting Macias's waiver of his right to testify. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

In a 22-count grand jury indictment, Macias, among others, was charged with conspiring to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; with distributing cocaine or methamphetamine, in violation of section 841(a)(1); and with the forfeiture of drug proceeds.

At trial, after the government closed its case, defense counsel stated that Macias did not wish to testify and that the defense would present no evidence. The district court then addressed Macias personally, asking whether he understood that he had the right to testify. Macias initially answered that he understood his right to testify. The district court further explained that Macias could take the stand and "tell his story," but also that he had the right not to testify. During his ensuing colloquy with the court, Macias stated first that he was confused about his right to testify, then that he did not want to testify, then that he did want to testify, and finally that he did not want to testify. Last, the court warned Macias that he could testify "now or never." Macias answered, "Never." The jury returned a verdict that Macias was guilty on all charged counts of the indictment.

We conclude that Macias knowingly and voluntarily waived his right to testify. See United States v. Bernloehr, 833 F.2d 749, 751 (8th Cir. 1987) (only defendant is empowered to waive his right to testify; waiver should be made voluntarily and knowingly). Even though Macias stated he was confused, he demonstrated that he understood his right to testify by asserting that right at one point. Cf. United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995) (defendant was clearly aware of right to testify because she belatedly attempted to assert it after close of evidence). The district court repeatedly explained to Macias that he could testify and "tell his story" to the jury, but in the end Macias affirmatively chose "never" to testify. Cf. id. (defendant who desires to testify must act affirmatively and express to court that desire at appropriate time, or knowing and voluntary waiver is deemed to have occurred.)

Having carefully reviewed the record, we have found no nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).  Accordingly, we affirm.  We also grant counsel's motion to withdraw.

_____