2007 ND 43

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Daniel MULSKE, Defendant and Appellant.**

**No. 20060184.**

Supreme Court of North Dakota.

March 22, 2007.

James A. Hope, Assistant State's Attorney, Dickinson, N.D., for plaintiff and appellee; submitted on brief.

William S. Kirschner, Fargo, N.D., for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1]   Daniel Mulske appeals the district court judgment after a jury found him guilty of theft.   Concluding the district court did not abuse its discretion by failing to appoint new counsel for Mulske and

hold a hearing to inquire whether he waived his right to testify, we affirm:

## I

[¶ 2] In December 2005, the State charged Mulske with theft of an automobile after he allegedly stole a vehicle and crashed it near Medora. Mulske pled not guilty, and the case was tried to a jury in May 2006. The jury found Mulske guilty of theft, a class C felony. After the jury returned its verdict and was excused from the courtroom, Mulske asked to make a statement. The district court reopened the record. This was the exchange between Mulske and the district court:

> MR. MULSKE: Yeah, I wish to be noted that while the jury was deliberating *I wanted to take the stand and he said that it was better that I wouldn't.* I rather would took the stand so they would have heard my opinion, my testimony, my statement, come from me *and he advised me not to. I wish I would have done it myself,* advised myself so I would have took the stand and told the jury my part of what happened.

> THE COURT: Anything else you want to tell me?

> MR. MULSKE: No, I guess my story of what happened and I move to—during the statement here it was never said, I guess, what happened, where I was at, what I was doing and my statement, what happened, Dickinson to Beach, you know, catch a ride with a trucker and stuff, that I wasn't even there, in Medora and stuff and my statement, you know, it was never heard. Even though it was—I wrote a—it was written in there, from [Officer] Cianni, he took my statement when the—in the interview room and—*you know I would have took the stand I guess so I could have been heard.*

> THE COURT: Anything you want to respond, Mr. Henning [State's Attorney]?

> MR. HENNING: No, Your Honor.

> THE COURT: Mr. McCabe [Mulske's attorney]?

> MR. MCCABE: Nothing, Your Honor.

> THE COURT: Okay. Thank you for appearing, Court is adjourned.

(Emphasis added.)

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

## II

[¶ 4] Mulske argues the district court abused its discretion by failing to appoint new counsel for him and by failing to conduct a hearing after his conviction to inquire whether he waived his right to testify.

[¶ 5] A defendant's right to testify, although constitutionally guaranteed, *see Rock v. Arkansas,* 483 U.S. 44, 49–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), has limitations:

> It must, at times, yield to interests of order and fairness. Accordingly, the right to testify must be exercised at the evidence-taking stage of trial. Once the evidence has been closed, whether to reopen for submission of additional testimony is a matter left to the trial court's discretion.

*United States v. Blum,* 65 F.3d 1436, 1444 (8th Cir.1995) (internal quotations and citations omitted). "A trial court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law." *State v. Ramsey,* 2005 ND 42, ¶ 8, 692 N.W.2d 498.

[¶ 6] In *Blum*, the defendant chose not to testify, but after the close of the evidence, she sent a message from her cell to the trial court that she had changed her mind. 65 F.3d at 1444. The *Blum* court noted that she "was clearly aware of her constitutional right to testify because she belatedly attempted to assert it." *Id.* The court held "that if an accused desires to exercise her constitutional right to testify the accused must act affirmatively and express to the court her desire to do so at the appropriate time or a knowing and voluntary waiver of the right is deemed to have occurred." *Id.* (citing *United States v. Bernloehr*, 833 F.2d 749, 752 (8th Cir. 1987)).

[¶ 7] In *Bernloehr*, the defendant waited until his sentencing hearing to raise the issue of a violation of his right to testify. 833 F.2d at 751. The court said, "The defendant may not, as Bernloehr did, indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was 'overcome.'" *Id.* at 752. The *Bernloehr* court held that a knowing and voluntary waiver of the right may be found on the basis of a defendant's silence when his counsel rests without calling him to testify. *Id.* at 751–52.

[¶ 8] Other courts have also acknowledged that when the record shows no timely and adequate demand to testify, a defendant may not wait for the outcome of the trial and then seek reversal by claiming that, despite having expressed to counsel a desire to testify, he or she was deprived of that opportunity. *See, e.g., People v. Bradford*, 14 Cal.4th 1005, 60 Cal.Rptr.2d 225, 929 P.2d 544, 574 (1997).

[¶ 9] Mulske said he wished he had taken the stand rather than have followed his attorney's advice not to testify. He waited until after the jury convicted him to raise this concern. Therefore, Mulske waived his right to testify.

[¶ 10] Mulske contends the district court had a duty to inquire "whether the defendant understood that he had a right to testify and to knowingly and intelligently waived [sic] that right, or whether counsel made the tactical choice to waive such right without the consent of the defendant."

[¶ 11] In *State v. Antoine*, we explained no such inquiry is required:

> [U]nlike other constitutional rights that can be waived only after the court makes a formal inquiry, *the court does not have a duty to verify that the defendant who is not testifying has waived his or her right voluntarily. United States v. Pennycooke*, 65 F.3d 9, 11 (3rd Cir.1995) (providing a list of federal case law supporting this contention and explaining "a trial court's advice as to the right to testify could inappropriately influence the defendant to waive his or her constitutional right not to testify"). *Instead, the court is entitled to presume the attorney and the client discussed the right, and the defendant voluntarily agreed upon the final decision. Pennycooke*, 65 F.3d at 12.

*State v. Antoine*, 1997 ND 100, ¶ 5, 564 N.W.2d 637 (emphasis added).

[¶ 12] Mulske contends that his attorney "prevented" him from testifying and that he "sufficiently raised the allegation of attorney misconduct" by his comments to the court after the jury returned its verdict and was excused.

[¶ 13] Mulske's statement—"I wanted to take the stand and he said that it was better that I wouldn't't"—reflects that Mulske knew he could have testified but chose not to, at least not until the jury had returned a guilty verdict. The record contains nothing about any discussion between Mulske's attorney and Mulske regarding his right to testify, and does not reflect that Mulske's attorney misinformed him about the right to testify, improperly

influenced his decision about testifying, or otherwise prevented him from testifying. *See, e.g., Bernloehr*, 833 F.2d at 752 n. 2 ("cases in which courts have found a denial of a defendant's right to testify almost invariably involve ineffective assistance of counsel").

[¶ 14]   Because Mulske failed to exercise his right to testify during the evidence-taking stage of his trial, he made a knowing and voluntary waiver of that right.   The district court did not abuse its discretion by refusing to reopen the evidence.   The record does not support Mulske's "allegation of attorney misconduct."

### III

[¶ 15]   We affirm the district court judgment.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.