20 So.3d 1260 (2009)
Ex parte Leon BARNETT
(In re Leon Barnett v. State of Alabama).
1071731.
Supreme Court of Alabama.
April 10, 2009.
Andrew M. Skier, Montgomery, for petitioner.
Troy King, atty. gen., and Tracy M. Daniel, asst. atty. gen., for respondent.
STUART, Justice.
WRIT QUASHED. NO OPINION.
LYONS, WOODALL, SMITH, and PARKER, JJ., concur.
STUART and BOLIN, JJ., concur specially.
COBB, C.J., and MURDOCK, J., dissent.
*1261 SHAW, J., recuses himself.[*]
STUART, Justice (concurring specially).
The trial court has a duty to ascertain whether a defendant has personally waived his right to testify. See Reeves v. State, 974 So.2d 314 (Ala.Crim.App.2007). However, to reach the merits of whether Leon Barnett personally waived his right to testify, a determination must be made as to whether Barnett was voluntarily absent from his trial. This question, although presented to the Court of Criminal Appeals, is not before us. The facts from the record indicate that Barnett was present on the first day of trial and that, at the close of the first day of trial, Barnett was aware that the State had rested and that his defense would begin the next morning. Barnett did not appear the next morning. The Court of Criminal Appeals reviewed the record and concluded that Barnett had voluntarily waived his right to be present. In his petition to this Court seeking certiorari review of the decision of the Court of Criminal Appeals, Barnett did not challenge the holding that he was voluntarily absent from his trial. Nothing in his petition provides a ground for review of the conclusion that his absence was voluntary. Thus, we are bound by the Court of Criminal Appeals' conclusion that Barnett was voluntarily absent from the second day of his trial. See Rule 39, Ala. R.App. P.; Ex parte Franklin, 502 So.2d 828, 829 (Ala. 1987)(this Court can address only those issues that are pleaded in the petition as grounds for certiorari review).[1] Accordingly, because of his voluntary absence from the courtroom and his refusal to participate in his defense, Barnett waived his right to testify. Neither his counsel nor the trial court prevented Barnett from testifying; therefore, the holding in Reeves is not violated and quashing the writ is proper.
BOLIN, J., concurs.
COBB, Chief Justice (dissenting).
I respectfully dissent from quashing this writ. The defendant, Leon Barnett, was convicted of one count of trafficking in marijuana, a violation of § 13A-12-231(1), Ala.Code 1975; one count of possession of drug paraphernalia, a violation of § 13A-12-260, Ala.Code 1975; and two counts of the unlawful distribution of marijuana, a violation of § 13A-12-211, Ala.Code 1975. He was sentenced as an habitual offender to life imprisonment for the trafficking conviction; to 15 years' imprisonment for each conviction for distribution of marijuana; and to 12 months' imprisonment for the conviction for possession of drug paraphernalia. All the sentences were to run concurrently. Barnett was also ordered to pay all mandatory statutory assessments and fines.
The case against Barnett was dependent on the use of a confidential informant. Barnett did not appeal the sufficiency of the evidence to support his convictions; he appealed only the issue whether he had waived his fundamental right to testify in his own behalf. The record shows that at the close of the first day of his trial, Barnett was aware that the State had rested and that his defense would begin the next *1262 morning. Before the jury arrived the next morning, the following occurred:
"THE COURT: When we last broke, we had a [defense] witness that I was going to listen to that said he owned all the drugs. Do you want me to hear from him?
"[Defense counsel]: He is not here.
"THE COURT: Somebody said your client is in the hospital?
"[Defense counsel]: My paralegal, who is downstairs in Judge Hobbs's court, received a call from our office that Leon Barnett had fell out this morning and had been taken to the emergency room. That's all I know to tell you, Judge. I know no further information than that.
"THE COURT: Well, it is my understanding Mr. Barnett is not going to testify in this case anyway.
"[Defense counsel]: No, sir, he is not.
"THE COURT: I don't see there is any prejudice in continuing since all the evidence has been admitted at this time. We will move forward with the closing arguments."
In Reeves v. State, 974 So.2d 314 (Ala. Crim.App.2007), the Court of Criminal Appeals discussed the holding in United States v. Teague, 953 F.2d 1525 (11th Cir. 1992), that a defendant's right to testify in his own behalf was a fundamental constitutional right that was personal to the defendant and could not be waived by defense counsel. The court in Reeves stated:
"In Ex parte McWilliams, 640 So.2d 1015, 1021 (Ala.1993), our supreme court stated:
"`The right of a criminal defendant to testify at his own trial is fundamental and personal to the defendant. Nichols v. Butler, 953 F.2d 1550, 1552 (11th Cir.1992); Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). "It is basic that every person has the right in all criminal prosecutions to be heard by himself and counsel, or either ... to testify in his own behalf, if he elects to so do." Carter v. State, 424 So.2d 1336, 1340 (Ala.Crim.App.1982) (citations omitted). A criminal defendant's decision not to testify in his own behalf must be made knowingly and voluntarily. Streeter v. State, 406 So.2d 1024 (Ala.Crim.App.), cert. denied, Ex parte Streeter, 406 So.2d 1029 (Ala. 1981), cert. denied, Streeter v. Alabama, 456 U.S. 932, 102 S.Ct. 1984, 72 L.Ed.2d 450 (1982).'
"See also Carter v. State, 424 So.2d 1336 (Ala.Crim.App.1982) (holding that the appellant did not prove that he was denied the right to testify where the evidence showed that he made the decision not to testify on his own behalf after conferring with friends and his attorney); Streeter v. State, 406 So.2d 1024 (Ala.Crim.App.1981) (holding that neither trial counsel nor the trial court interfered and that the appellant knowingly and voluntarily made the decision not to testify on his own behalf).
"We agree with the reasoning and holding of [United States v.] Teague[, 953 F.2d 1525 (11th Cir.1992) ]. A defendant has a fundamental right to testify on his own behalf, that right is personal to the defendant, and defense counsel may not waive that right. See El-Tabech v. Hopkins, 997 F.2d 386 (8th Cir.1993); Hernandez v. Dugger, 829 F.Supp. 372 (M.D.Fla.1992)."
974 So.2d at 324-25 (emphasis added).
In Barnett's case, it is apparent that he did not personally waive his right to testify *1263 on his own behalf. I do not believe that the record shows that he was voluntarily absent from his trial; the only inference the record supports is that Barnett was medically incapacitated and unable to attend. Instead of delaying the proceeding and attempting to ascertain whether Barnett actually did intend to waive his fundamental constitutional right to testify, the trial court accepted defense counsel's statement of his understanding that Barnett would not testify. This runs afoul of the holding in Reeves that defense counsel may not waive a defendant's right to testify.
I believe that the weight of legal authority supports the principle that the trial court should ascertain that the defendant has knowingly and voluntarily relinquished his or her right to testify when circumstances are present such as those in this case, which raise a question on that point. See, e.g., Arredondo v. Huibregtse, 542 F.3d 1155 (7th Cir.2008)(defendant satisfied the trial court that his failure to testify was knowing and voluntary, and the trial court was not required to address the issue again); United States v. Stark, 507 F.3d 512 (7th Cir.2007)(trial court should ascertain if defendant's failure to testify is knowing and voluntary when there is some indication that the defendant is prevented from exercising his or her right); and United States v. One Star, 575 F.Supp.2d 1104 (D.S.D.2008)(negative response to trial court inquiry to defendant as to desire to testify was a valid waiver of the right). Cf. Siciliano v. Vose, 834 F.2d 29 (1st Cir.1987)(trial judge is not required to apprise a defendant of his or her right to testify or inquire whether he or she has waived it).
In this case, not only was the trial court alerted to the fact that Barnett was not present because he was in the hospital undergoing emergency treatment, but Barnett's motion for a new trial also specifically pointed out that under Reeves, supra, the waiver of his right to testify by defense counsel had been erroneously accepted by the trial court. Further, at his sentencing hearing, Barnett stated: "But I am actually innocent on these charges. Then I wanted to have my chance to present it to the Court, but I wasn't able to make it." Under these circumstances, I believe that the trial court was fairly apprised of the fact that Barnett had not personally waived his fundamental right to testify on his own behalf, and its failure to act on that knowledge was error. Accordingly, I must dissent from the majority's refusal to address this crucial issue so that one of Barnett's most basic rights can be protected.
NOTES
[*] Justice Shaw was a member of the Court of Criminal Appeals when that court considered this case.
[1] It is problematic that the conclusion of the Court of Criminal Appeals is minimally supported by the record; however, adherence to our rules of procedure and caselaw precludes our consideration of this issue.