1997 ND 100

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Andrew Frank ANTOINE, Defendant and Appellant.**

**Criminal No. 960364.**

Supreme Court of North Dakota.

June 3, 1997.

---

Mark A. Beauchene, Fargo, for defendant and appellant; submitted on brief.

Constance L. Cleveland, Assistant State's Attorney, Fargo, for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Andrew Antoine appeals from a conviction of simple assault on a peace officer and preventing arrest. We affirm the conviction.

[¶ 2] On January 1, 1996, a fight broke out in the parking lot of The Rock in Fargo, North Dakota. Fargo police officers arrived on the scene and attempted to break up the fight. During the incident, a bystander, Andrew Antoine, struck Fargo police officer Joseph Johnson in the head. Fargo police officers attempted to arrest Antoine, but Antoine resisted. Ultimately, an officer sprayed pepper spray on Antoine to subdue him. Antoine was charged with one count of simple assault on a peace officer and a second count of preventing arrest.

[¶ 3] A jury trial was held on October 29, 1996. Witnesses for the prosecution testified Antoine had tried to get in the middle of the fight, and lunged at Officer Johnson when Johnson attempted to hold him back. According to the witnesses' testimony, Antoine repeatedly attempted to hit Officer Johnson, and resisted arrest. After three warnings, an officer sprayed pepper spray in his face. In his defense, Antoine's witnesses testified Antoine was attempting to break up the fight when police officers tackled him from behind and sprayed him with pepper spray. They suggested Antoine acted in self-defense, without knowing he was struggling with a police officer because he was approached from behind and had pepper spray in his eyes. The jury returned a guilty verdict. Antoine appeals.

[¶ 4] Antoine argues he was denied his constitutional right to testify. To support his argument, Antoine draws our attention to the trial transcript. During opening statements, Antoine's attorney informed the jury Antoine would be testifying. However, Antoine did not testify. During closing statements, Antoine's attorney informed the jury Antoine did not testify due to lack of time. Antoine argues he wanted to testify, but his attorney did not allow him.

[¶ 5] Criminal defendants have a constitutional right to testify on their own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49–53, 107 S.Ct. 2704, 2707–10, 97 L.Ed.2d 37 (1987). Testifying is a personal right, and only the defendant may waive it. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983). However, unlike other constitutional rights that can be waived only after the court makes a formal inquiry, the court does not have a duty to verify that the defendant who is not testifying has waived his or her right voluntarily. *United States v. Pennycooke*, 65 F.3d 9, 11 (3rd Cir.1995) (providing a list of federal case law supporting this contention and explaining "a trial court's advice as to the right to testify could inappropriately influence the defendant to waive his or her constitutional right not to testify"). Instead, the court is entitled to presume the attorney and the client discussed the right, and the defendant voluntarily agreed upon the final decision. *Pennycooke*, 65 F.3d at 12.

[¶ 6] In circumstances when the defendant did not voluntarily agree on the decision not to testify, the defendant has the duty to act affirmatively. *United States v. Bernloehr*, 833 F.2d 749, 751 (8th Cir.1987). For example, "if the defendant wants to testify, he can reject his attorney's tactical decision by insisting on testifying, speaking to the court or discharging his lawyer." *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993).

[¶ 7] In *Bernloehr*, the defense counsel had not only informed the jury during opening statements that the defendant would be testifying, but approached the bench during the trial admitting he was in a dilemma because the defendant wanted to testify against his wishes. *Bernloehr*, 833 F.2d at 750. Ultimately, the defendant did not testify, but then appealed, arguing he was denied his right to do so. The court stated the defendant may not "indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was 'overcome.'" *Id.* at 752. Accordingly, the court determined there was no constitutional violation.

[¶ 8] We find this case to be analogous to *Bernloehr*. Nothing in the record suggests the defendant wanted to testify and was denied that right by his attorney. Antoine did not make a request to testify. When his counsel rested without calling him to the stand, Antoine said nothing. Antoine may not indicate by his actions his apparent acquiescence in his attorney's decision that he not testify, and then later argue he was silenced against his will. *Bernloehr*, 833 F.2d at 752.

[¶ 9] Antoine also argues he was denied effective assistance of counsel at trial. We have repeatedly stated that a claim of ineffective assistance of counsel at trial should not be brought on direct appeal, but rather through a post-conviction relief proceeding under N.D.C.C. chapter 29–32.1. *State v. McDonell*, 550 N.W.2d 62, 65 (N.D. 1996); *State v. Werre*, 453 N.W.2d 826, 827 (N.D.1990); *State v. Wilson*, 450 N.W.2d 422 (N.D.1990); *State v. Sayler*, 443 N.W.2d 915, 917–18 (N.D.1989). A post-conviction relief proceeding allows the parties to fully develop a record on the issue of counsel's performance and its impact on the defendant's case. *Werre*, 453 N.W.2d at 827. However, when defective assistance of counsel is argued on direct appeal, we will review the entire record to decide if the assistance of counsel was plainly defective. *Sayler*, 443 N.W.2d at 918. "Unless the record affirmatively shows ineffectiveness of constitutional dimensions, parties must provide this Court with some evidence in the record to support their claim. The representations and assertions of counsel are not enough." *McDonell*, 550 N.W.2d at 65 (citations omitted). Other than Antoine's argument that he was denied his right to testify, an argument we find

without merit, the record is devoid of any indication his attorney was ineffective. Accordingly, we affirm without prejudice. Antoine may raise the ineffective assistance of counsel argument for any remaining issues not disposed of here at a proceeding for post-conviction relief. *Id.* at 65.

[¶ 10] We affirm the conviction of simple assault on a peace officer and preventing arrest.

[¶ 11]  VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.