1998 ND 199

**Gerald Lee DeCOTEAU, Applicant and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Civil No. 980141**

Supreme Court of North Dakota.

Nov. 19, 1998.

William D. Schmidt, of Schmitz, Moench & Schmidt, Bismarck, for applicant and appellant.

Brian David Grosinger, Assistant State's Attorney, Mandan, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Gerald Lee DeCoteau appealed from a district court order summarily denying his claim for post-conviction relief. We reverse and remand for further proceedings.

[¶ 2] On August 22, 1996, DeCoteau was convicted by a jury of gross sexual imposition and was sentenced to the State Penitentiary for 10 years. He appealed his conviction, claiming the evidence presented at trial was insufficient to sustain a guilty verdict, the trial court abused its discretion in refusing to grant a continuance to await DNA test results, and his trial attorney provided ineffective assistance of counsel. This Court, in *State v. DeCoteau*, 1997 ND 121, ¶ 1, 569 N.W.2d 288, summarily affirmed the conviction under N.D.R.App.P. 35.1(a)(3).

[¶ 3] On September 12, 1997, DeCoteau filed an application for post-conviction relief under N.D.C.C. Ch. 29–32.1, claiming the trial court erred in refusing to grant a continuance for DNA test results and his trial attorney provided ineffective assistance of counsel. DeCoteau requested a court-appointed attorney for the post-conviction proceedings. On November 13, 1997, the trial court issued an order denying DeCoteau's request for court-appointed counsel and summarily denying, without an evidentiary hearing, DeCoteau's request for post-conviction relief.

[¶ 4] The Uniform Post–Conviction Procedure Act authorizes summary disposition only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." N.D.C.C. § 29–32.1–09(1). We review an appeal from a summary denial of post-conviction relief like we review an appeal from a summary judgment. *DeCoteau v. State*, 504 N.W.2d 552, 556 (N.D.1993). The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542. Once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *Id.*

## I. DNA Evidence

[¶ 5] DeCoteau claims the court erred by refusing to continue his criminal trial for DNA test results. This issue was raised and rejected on DeCoteau's direct appeal. Under N.D.C.C. § 29–32.1–12(1), applications for post-conviction relief may be denied if based upon a claim which has been fully and finally determined in a previous proceeding. When an issue has been raised on a direct appeal of a conviction the issue cannot be raised again in a subsequent post-conviction relief proceeding. *Murchison v. State*, 1998 ND 96, ¶ 7, 578 N.W.2d 514. We find no error by the trial court in summarily denying DeCoteau's request for post-conviction relief on this issue.

## II. Ineffective Assistance of Counsel

[¶ 6] The Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, and by N.D. Const. art. I, § 12, guarantees a defendant effective assistance of counsel. DeCoteau claims he was denied his right to effective assistance of counsel at the criminal trial. A defendant alleging ineffective assistance of counsel has a heavy burden of proving counsel's assistance was ineffective by demonstrating (1) counsel's representation fell below an objective standard of reasonableness and (2) the defendant was prejudiced by counsel's deficient performance. *Mertz v. State*, 535 N.W.2d 834, 836 (N.D. 1995). The prejudice element requires the defendant to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must point out with specificity how and where trial counsel was incompetent and the probable different result. *Id.*

[¶ 7] We have often stated a claim of ineffective assistance of trial counsel should not be brought on direct appeal, but rather through a post-conviction relief proceeding, which allows the parties to fully develop a record on the issue of counsel's performance and its impact on the defendant's case. *See, e.g., State v. Antoine*, 1997 ND 100, ¶ 9, 564 N.W.2d 637. Claims of ineffective assistance of counsel are ordinarily unsuited to sum-

mary disposition without an evidentiary hearing. *State v. Bender*, 1998 ND 72, ¶ 21, 576 N.W.2d 210. DeCoteau raised the issue of ineffective assistance of counsel on his direct appeal. Although, because of the summary affirmance, this Court did not expressly say so, the denial of DeCoteau's ineffective assistance claim was necessarily without prejudice so that he might raise the issue in post-conviction proceedings affording the possibility of an evidentiary hearing on the issue. *Antoine*, 1997 ND 100, ¶ 9, 564 N.W.2d 637; *State v. McDonell*, 550 N.W.2d 62, 65 (N.D. 1996).

■ [¶ 8] The complainant testified at the criminal trial that she, DeCoteau, his brother, John, and DeCoteau's girlfriend, Marsha Strecker, were at DeCoteau's farm on the evening of the alleged rape. She testified DeCoteau forced her to get into a vehicle, drive it a distance from the farm, and then forcibly and violently raped her. DeCoteau conceded he had intercourse with the complainant that evening, but claimed, as a defense, the complainant voluntarily left the farm with him and consented to have sex with him. DeCoteau claims his trial attorney's representation was ineffective, because counsel did not call Strecker and John DeCoteau to testify on his behalf, and he further claims their testimony would have probably changed the result.

[¶ 9] DeCoteau submitted written statements by Strecker and John DeCoteau demonstrating how they allegedly would have testified at the trial. According to Strecker's statement, the complainant, while at the farm, told Strecker if she was "any kind of a woman" she "would be able to keep [her] man satisfied." Referring to DeCoteau, the complainant allegedly told Strecker if Strecker "couldn't please [her] man she could." According to Strecker, the complainant "kept putting her arms around" DeCoteau telling him "let's go for a ride." She says the complainant and DeCoteau left the farm in the vehicle that evening "laughing and in a good mood." According to John DeCoteau's written statement, the complainant "volunteered to go willingly" with DeCoteau. DeCoteau claims the foregoing testimony would have permitted the jury to infer the complainant willingly left the farm with him that evening and had consensual sex with him.

[¶ 10] Strecker's statement also indicates the complainant and John DeCoteau were wrestling on the kitchen floor that evening slapping, hitting and pinching each other. DeCoteau claims this testimony would have explained how the complainant obtained bruises and red marks on her body that evening other than by nonconsensual forced sex.

[¶ 11] Under N.D.C.C. § 12.1-20-14(2), the defendant can introduce evidence to rebut evidence introduced by the prosecution about the victim's sexual conduct. Also, under N.D.C.C. § 12.1-20-14(3), the defendant can introduce evidence about the complaining witnesses's sexual conduct, as limited and permitted by the trial court under N.D.C.C. § 12.1-20-15, to attack the credibility of the complaining witness.[1] We cannot say as a matter of law the alleged testimony of John DeCoteau and Marsha Strecker would have been inadmissible at DeCoteau's criminal trial, nor, on the record before us, is there any other apparent reason this evidence would not have been introduced. We believe DeCoteau has shown potentially relevant and admissible testimony that was not introduced at the criminal trial. Trial counsel's failure to offer this evidence raises a reasonable inference of ineffective representation which creates a genuine fact issue warranting an evidentiary hearing on DeCoteau's post-conviction claim of ineffective assistance of counsel. We conclude the trial court erred in summarily denying DeCoteau's ineffective assistance of counsel claim without a hearing.

## III. Appointment of Counsel

■ [¶ 12] DeCoteau claims the trial court erred in refusing to appoint counsel to

---

1. N.D.C.C. §§ 12.1-20-14 and 12.1-20-15, were superseded by N.D.R.Ev. 412, effective March 1, 1998. For criminal proceedings involving alleged sexual misconduct, the rule only allows evidence of specific instances of "sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct" to prove consent. This rule was not in effect during DeCoteau's 1996 trial and, consequently, it is not relevant to the issue of whether DeCoteau's trial counsel provided effective assistance.

assist in presenting his post-conviction claim. Appointment of counsel under the Uniform Post–Conviction Procedure Act, N.D.C.C. § 29–32.1–05, is discretionary with the trial court. *Murchison*, 1998 ND 96, ¶ 18, 578 N.W.2d 514. We will not reverse the trial court's refusal to appoint counsel absent an abuse of discretion. *Id.* However, an application should be read in the light most favorable to the applicant and counsel should be appointed when a substantial issue of law or fact may exist. *Id.* The trial court should reconsider its denial of DeCoteau's request for appointment of counsel in view of our remand for an evidentiary hearing.

[¶ 13] The order summarily denying DeCoteau's request for postconviction relief is reversed, and the case is remanded for further proceedings.

[¶ 14] SANDSTROM, NEUMANN and MARING, JJ., concur.

[¶ 15] The Honorable CAROL RONNING KAPSNER was not a member of this Court when this case was heard and did not participate in this decision.

