Filed 1/15/02 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2002 ND 5

State of North Dakota, Plaintiff and Appellee

v.

Mark Christian Palmer, Defendant and Appellant

Nos. 20010123 - 20010126

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable John C. McClintock, Jr., Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Jonathan R. Byers (argued), Assistant Attorney General, Attorney General’s Office, 600 East Boulevard Avenue, Bismarck, N.D. 58505-0040, and Robin Lynn Thompson-Gordon (on brief), State’s Attorney, P.O. Box 52, Drake, N.D. 58736-

0052, for plaintiff and appellee.

William Robert Hartl (argued), P.O. Box 319, Rugby, N.D. 58368, for defendant and appellant.

State v. Palmer

Nos. 20010123 - 20010126

Kapsner, Justice.

[¶1] Mark Palmer appealed from a judgment of conviction, upon a jury verdict, finding him guilty of four separate counts of gross sexual imposition.  We hold Palmer has failed to demonstrate prejudicial error occurred in the jury selection process.  We further hold the record does not plainly show Palmer was denied effective assistance of counsel at his trial, and we affirm.  

I

[¶2] On Memorial Day weekend in 1999 Palmer and his ten-year-old niece  attended a family holiday gathering.  Late in the evening, Palmer went upstairs to bed and his niece later came upstairs and lay in the bed with him.  The niece testified that Palmer then fondled her.  Palmer was charged with four separate counts of class B felony gross sexual imposition for having sexual contact with a minor under fifteen years old, in violation of N.D.C.C. § 12.1-20-03(2)(a).  The charges alleged Palmer touched the niece’s breast with his hand, touched her breast with his mouth, touched  her between the legs with his hand, and rested his penis against her clothed buttocks.
(footnote: 1)  The jury found Palmer guilty on all four counts, and the court sentenced Palmer to ten years incarceration on each count, with seven years suspended on each count, and each sentence to run consecutive to the others, for a total term of imprisonment of twelve years.  Palmer appealed.

II

[¶3] On appeal Palmer asserts prejudicial error occurred during the jury selection process.

A.

[¶4] When the trial judge realized there were only 30 prospective jury panel members coming for the trial he asked an acting Deputy Sheriff, Barry Vannatta, and an administrative secretary from the sheriff’s office, Jennie Zahn, to gather more prospective jurors.  The trial court, in instructing Vannatta and Zahn to find additional jury members, allowed them to excuse a person from sitting on the panel if that person had a scheduled conflict or if that person should “disagree” or “not want to.” They initially went to public gathering places in the town to request persons to serve on the jury pool.  Deputy Sheriff Vannatta obtained one additional panel member and then left to attend to other law enforcement business.  Zahn returned to the sheriff’s office and, by making random phone calls, obtained seven additional jury panel members.  Of the eight additional panel members brought in by Vannatta and Zahn only one sat on the jury and another sat as an alternate but did not deliberate.  Palmer asserts the selection of the additional jury pool members by Vannatta and Zahn did not satisfy the statutory requirements for random jury selection. 

[¶5] Our statutory jury selection process is designed with the express purpose of providing that persons selected for jury service be “selected at random from a fair cross section of the population of the area served by the court.”  N.D.C.C. §  27-09.1-

01.  The trial court is authorized to have a sheriff select at random additional persons for the jury pool when there is an unanticipated shortage of jurors.  N.D.C.C. §§ 27-

09.1-09(2) and 29-17-13.
(footnote: 2)
[¶6] Under N.D.C.C. § 29-17-19, one can challenge the entire jury panel if there has been a “material departure” from the statutory process for drawing the jury, and under N.D.C.C. § 27-09.1-12(1), one can also challenge the jury selection process if there is a “substantial failure to comply” with the statutory procedures.  A party asserting a lack of randomness from the jury selection process must demonstrate a resulting exclusion of a constitutionally cognizable group.  
State v. Torgerson
, 2000 ND 105, ¶ 9, 611 N.W.2d 182.  To establish there was a substantial failure to comply with the statutory process requiring reversal, the complaining party must provide a factual basis showing the jury panel selection process was prejudicial, actually excluded, systematically excluded, or statistically excluded a fair cross section of the population.  
Id.
 at ¶¶ 13, 16.  

[¶7] Palmer did not object to the jury panel selection process by which eleven of the jurors were selected.  Although Palmer objected to the process used to obtain additional panels members from which one juror was selected, he has not demonstrated any factual basis showing that the overall process used by the court was so defective that Palmer was denied a random jury panel.  Palmer has provided no showing or argument that the jury which sat in this case did not consist of a fair cross section of the population.  We conclude Palmer has failed to demonstrate prejudicial and reversible error occurred during the jury selection process. 

B.

[¶8] Palmer also asserts the trial court erred in having Zahn assist in selecting additional jury pool members, because there is no statutory authority for her to do so.  When the trial judge directed Vannatta and Zahn to gather additional jury pool members, Palmer’s attorney objected and argued that only a sheriff, not a deputy sheriff, is authorized under our statutes to gather additional persons to serve on the jury pool.  Palmer has abandoned that issue, on appeal, conceding that an acting sheriff or deputy sheriff has authority to act under the statute.  However, on appeal Palmer argues for the first time that Zahn was not qualified to assist in finding additional jury panel members because she is not a deputy sheriff.  Palmer did not make this objection to the trial court below.  His only objection was to the use of a deputy sheriff, instead of a sheriff.  Because Palmer failed to object to Zahn’s status as an administrator, the record does not contain evidence whether Zahn had been sworn as a deputy or special deputy to assist Vannatta.
(footnote: 3)  Furthermore, because Palmer failed to object to Zahn’s status, the trial court had no opportunity to revise the procedure it would use to obtain additional members for the jury panel or to rule on whether an administrator in the sheriff’s office can assist the sheriff in fulfilling his duties under N.D.C.C. §§ 27-09.1-09(2) and 29-17-13, without being deputized.  One who fails to raise an appropriate objection at the trial court level waives his right and cannot raise the issue for the first time on appeal.  
See
 
State v. Olander
, 1998 ND 50, ¶ 11, 575 N.W.2d 658.  

[¶9] We conclude Palmer did not preserve the issue of Zahn’s authority to assist in obtaining additional potential jurors.

III

[¶10] Palmer claims he was denied effective assistance by his trial counsel.  He asserts his trial lawyer did not return phone calls, was unavailable to confer with him, missed scheduled appointments, was not prepared for trial, and did not subpoena witnesses or documents Palmer wanted to use on his behalf for the trial.

[¶11] A defendant claiming ineffective assistance of counsel must establish two elements: (1) counsel’s performance was deficient, and (2) counsel’s deficient performance prejudiced the defendant.  
Wilson v. State
, 1999 ND 222, ¶ 8, 603 N.W.2d 47.  To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result.  
Decoteau v. State
, 1998 ND 199, ¶ 6, 586 N.W.2d 156.  

[¶12] Ordinarily, a claim of ineffective assistance of counsel should be resolved in a post-conviction relief proceeding under N.D.C.C. ch. 29-32.1, so the parties can fully develop a record on the issue of counsel’s performance and its impact on the defendant’s case.  
See
 
State v. Antoine
, 1997 ND 100, ¶ 9, 564 N.W.2d 637.  However, when ineffective assistance of counsel is argued on direct appeal, this Court will review the record to decide if the assistance of counsel was plainly defective.  
Id.
  Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the complaining party must show some evidence in the record to support the claim.  
Id.
  Representations and assertions of appellate counsel are not enough to establish a claim of ineffective assistance.  
Id.
    

[¶13] We conclude this record does not plainly show Palmer’s trial counsel was ineffective.  Palmer has not directed us to any record evidence demonstrating ineffective performance by his trial lawyer.  Although we conclude, for purposes of this appeal, that Palmer’s ineffective assistance of counsel claim is without merit, we do so without prejudice to Palmer’s right to raise the issue in post-conviction proceedings.

IV

[¶14] In accordance with this opinion, the judgment of conviction is affirmed.  

[¶15] Carol Ronning Kapsner

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
The Double Jeopardy Clause protects against multiple punishments for the same offense.  
United States v. Wilson
, 420 U.S. 332, 342-43 (1975).  However, Palmer has not raised any double jeopardy or multiplicity issues regarding the multiple convictions and consecutive sentences for his criminal conduct.  We will not, therefore, address these matters.  

2:    
Section 27-09.1-09(2), N.D.C.C., provides:

If there is an unanticipated shortage of available petit jurors, the court may require the sheriff to summon a sufficient number of petit jurors selected at random by the clerk in a manner prescribed by the court.

Section 29-17-13, N.D.C.C., provides:

If a sufficient number of jurors cannot be obtained from the box to form a trial jury, the court, as often as is necessary, may order the sheriff to summon from the body of the county as many persons qualified to serve as jurors as the court deems sufficient to form a jury.  The jurors so summoned may be called from the list returned by the sheriff, and as many of them not excused or discharged as may be necessary to complete the jury must be impaneled and sworn.

3:    
Under N.D.C.C. § 11-15-02, a sheriff “may appoint and qualify special deputies in such numbers as are required by the conditions.”