2016 ND 129

**Nathan RATLIFF, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20150352.**

Supreme Court of North Dakota.

June 30, 2016.

Samuel A. Gereszek, East Grand Forks, MN, for petitioner and appellant.

Carmell F. Mattison (argued), Assistant State's Attorney, and Kyle A. Markwardt (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks County State's Attorney Office, Grand Forks, ND, for respondent and appellee.

KAPSNER, Justice.

[¶1] A jury found Nathan Ratliff guilty of robbery, burglary, aggravated assault, theft of property, and felonious restraint. We upheld Ratliff's conviction in *State v. Ratliff*, 2014 ND 156, 849 N.W.2d 183. Ratliff then filed an application for post-conviction relief in October 2014. Ratliff was appointed counsel, and counsel filed a supplemental application. The district court held a hearing and dismissed Ratliff's application. Ratliff now appeals from the district court's order. He argues he received ineffective assistance of counsel, and he was improperly sentenced as an habitual offender. We affirm.

I

Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

*Syvertson v. State*, 2005 ND 128, ¶4, 699 N.W.2d 855 (quoting *Greywind v. State*, 2004 ND 213, ¶5, 689 N.W.2d 390).

[¶2] Ratliff argues he was provided ineffective assistance of counsel because his trial counsel did not demand a speedy trial and did not call Ratliff to testify at trial. "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Sambursky v. State*, 2008 ND 133, ¶7, 751 N.W.2d 247.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. In order to prevail on a post-conviction claim of ineffective assistance, the petitioner bears a heavy burden. The petitioner must prove that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance.

As to the first prong, the petitioner must overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. An attorney's performance is measured considering the prevailing professional norms. In assessing the reasonableness of counsel's performance, courts must consciously attempt to limit the distorting effect of hindsight. Courts must consider all the circumstances and decide whether there were errors so serious that defendant was not accorded the "counsel" guaranteed by the Sixth Amendment.

In order to meet the second prong, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The petitioner must prove not only that counsel's representation was ineffective, but must specify how and where counsel was incompetent and the probable different result. If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed.

*Chisholm v. State*, 2015 ND 279, ¶8, 871 N.W.2d 595 (quoting *Roth v. State*, 2007 ND 112, ¶¶7–9, 735 N.W.2d 882).

## A

[¶ 3] Ratliff argues he was denied the right to testify on his own behalf, and his trial counsel was ineffective by not calling him as a witness.

Criminal defendants have a constitutional right to testify on their own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49–53, 107 S.Ct. 2704, 2707–10, 97 L.Ed.2d 37 (1987). Testifying is a personal right, and only the defendant may waive it. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983). However, unlike other constitutional rights that can be waived only after the court makes a formal inquiry, the court does not have a duty to verify that the defendant who is not testifying has waived his or her right voluntarily. *United States v. Pennycooke*, 65 F.3d 9, 11 (3rd Cir.1995) (providing a list of federal case law supporting this contention and explaining "a trial court's advice as to the right to testify could inappropriately influence the defendant to waive his or her constitutional right not to testify"). Instead, the court is entitled to presume the attorney and the client discussed the right, and the defendant voluntarily agreed upon the final decision. *Pennycooke*, 65 F.3d at 12. *State v. Antoine*, 1997 ND 100, ¶ 5, 564 N.W.2d 637.

[¶ 4] The district court heard conflicting testimony concerning whether Ratliff desired to testify in his own defense. Ratliff claims he told trial counsel he wanted to testify, and his counsel refused to call him. Ratliff's trial counsel testified he advised Ratliff not to testify, but he also informed Ratliff it was his right to do so. The district court found Ratliff's constitutional right to testify was not violated because he did not affirmatively assert it. The court also found Ratliff has not met the second prong of the ineffective assistance of counsel standard because he has not shown how his testimony would have changed the outcome. We find the district court's reasoning sound and conclude its findings are not clearly erroneous.

## B

[¶ 5] Ratliff argues he was denied effective assistance of counsel because his attorney failed to demand a speedy trial on his behalf. Ratliff's charges were dated April 30, 2012. At the post-conviction relief hearing, trial counsel testified he did not file a demand for speedy trial because the court would have found good cause for delay. During a pre-trial conference held in March 2013, Ratliff orally asserted his right to a speedy trial. At that same conference, the court set trial for June 2013. When determining whether a defendant has been denied the right to a speedy trial, courts must balance four factors:

> (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the prejudice to the accused. No single factor is controlling; the court must weigh all the factors in a difficult and sensitive balancing process.

*Grand Forks v. Gale*, 2016 ND 58, ¶ 6, 876 N.W.2d 701 (citations omitted). "When an appellant raises a speedy trial issue, we review the district court's findings of fact under a clearly erroneous standard; we review its speedy trial determination de novo." *Id.* at ¶ 8 (citing *State v. Moran*, 2006 ND 62, ¶ 8, 711 N.W.2d 915).

[¶ 6] The district court found Ratliff was not denied the right to a speedy trial:

> The only factor that weighs in favor of Ratliff's argument is the fact the length of the delay was just short of 13 months. The State did not engage in any behavior that delayed the trial, and the only

delay attributable to the defendant was his request to continue the preliminary hearing. Instead, the delay is attributable to the number of defendants being tried, the schedules of busy attorneys, and the number of witnesses involved in the case. The Court does not find that Ratliff suffered any actual prejudice by the approximate 13–month delay in the trial. Ratliff did not call any witnesses, and the testimony of the State's witnesses supports the jury's findings. For these reasons, the Court finds Ratliff's right to a speedy trial was not denied.

[¶ 7] We agree with the district court. Ratliff was tried for a number of serious felony offenses. He was tried with multiple co-defendants who were represented by various attorneys. There were at least 40 potential witnesses listed in the amended information. The court had to arrange for adequate security because of the defendants' behavior. Ratliff asserts that had an earlier speedy trial demand been made and an earlier trial held, "the weight of the evidence would have been less." On post-conviction, Ratliff has not presented any evidence in support of this contention. Even assuming, without deciding, Ratliff's trial counsel was ineffective in failing to make a demand for speedy trial, Ratliff has not shown how the outcome of his case would have been different, as required by the second prong of the ineffective assistance of counsel standard, were he tried sooner. We conclude Ratliff has not shown he was denied effective assistance of counsel.

## II

[¶ 8] Ratliff also argues one of his prior convictions does not constitute a felony because his original sentence did not exceed one year, and the district court erred by taking judicial notice of an order revoking his probation under that sentence. Thus, he contends the district court was not presented with proper evidence showing he had been convicted of two felonies, and he was improperly sentenced as an habitual offender.

[¶ 9] The district court may sentence a defendant beyond the usual statutory limits if the court finds the defendant is an habitual offender. "The court may not make such a finding unless the offender is an adult and has previously been convicted . . . of two felonies of class C or above committed at different times when the offender was an adult." N.D.C.C. § 12.1–32–09(1)(c). See also State v. Carpenter, 2011 ND 20, ¶ 18, 793 N.W.2d 765. Ratliff was convicted of possession of methamphetamine paraphernalia, a class C felony, in 2003. He was sentenced to 12 months in prison with 6 months suspended. His probation was later revoked, and he was sentenced to 2½ years in prison. At the time Ratliff was convicted, N.D.C.C. § 12.1–32–02(9) (2001) stated:

A person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor. However, if an order is entered revoking a probation imposed as a part of the sentence, the person is deemed to have been convicted of a felony.

See also N.D.C.C. § 12.1–01–01 (criminal code is to be applied retroactively unless a section concerns a defense or mitigation, in which case the current provision is to be applied with the consent of the defendant).

[¶ 10] Ratliff argues the district court erred when it took judicial notice of the order revoking his probation. The State contends the court properly took judicial notice of Ratliff's revoked probation. In addition, the State asserts under State v. Buchholz, 2005 ND 30, ¶ 8, 692 N.W.2d 105, Ratliff was, in fact, convicted of two felonies. That case concerned a felon in possession of a firearm charge. We held "[a] person convicted of a felony and sentenced to not more than one year, despite

the [N.D.C.C. § 12.1–32–02(9) ] immediate reduction to a misdemeanor conviction, *is still initially convicted of a felony.*" *Id.* (emphasis added). Since *Buchholz*, the legislature has amended N.D.C.C. § 12.1–32–02(9) to clarify that a felony conviction with a sentence of less than one year is deemed a misdemeanor "upon successful completion of the term of imprisonment and a term of probation imposed as a part of the sentence." *See* 2009 N.D. Sess. Laws ch. 135, § 1.

[¶ 11] We conclude the district court properly sentenced Ratliff. Rule 201(b), N.D.R.Ev., allows the district court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute when the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the district court took notice of a signed judicial order revoking Ratliff's probation. "In fixing sentences, a trial judge is allowed the widest possible range of information in exercising her discretion." *State v. Cummings*, 386 N.W.2d 468, 469 (N.D.1986). The revocation of Ratliff's probation for his 2003 conviction results in the application of this conviction as a felony under the habitual offender statute.

### III

[¶ 12] We have considered Ratliff's other arguments and conclude they are without merit or unnecessary to our decision. We affirm the district court's order denying Ratliff's application for post-conviction relief.

[¶ 13] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.