# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 297

Donald Robert Edwardson,                    Petitioner and Appellant

      v.

State of North Dakota,                    Respondent and Appellee

## No. 20190182

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Leah J. Viste, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

**Jensen, Justice.**

[¶1] Donald Edwardson appeals from a judgment dismissing his application for post-conviction relief. Edwardson argues he is entitled to post-conviction relief because he received ineffective assistance of counsel during the underlying criminal proceedings, he discovered new evidence justifying the withdrawal of his plea of guilty, the underlying criminal charge was unlawful, and he was not informed of the minimum mandatory sentence before he entered his plea of guilty. We affirm.

I

[¶2] Edwardson was charged with failing to register as a sexual offender in violation of N.D.C.C. § 12.1-32-15. The State alleged Edwardson had failed to register his temporary residence while he was residing at a hotel from March 1, 2017, through March 31, 2017. The charging document included a statement of the minimum mandatory sentence.

[¶3] At Edwardson's initial appearance he was informed of the minimum mandatory sentence for the offense. After a contested preliminary hearing, the district court found probable cause to bind the case over for further proceedings. Immediately after the conclusion of the preliminary hearing there were brief discussions between counsel for the State and Edwardson's attorney, followed by a brief discussion between Edwardson and his attorney. As a result of those discussions Edwardson decided to enter a plea of guilty to the charge. The parties informed the court they had reached an agreement, Edwardson was advised of his rights, he entered a guilty plea and he was sentenced. The facts to which Edwardson agreed as part of his change of plea included the following: "[t]he charge of Failure to Register as a Sexual Offender in violation of North Dakota Law, in that on or between March 1, 2017 to March 31, 2017, you failed to register as a sex offender as required by law."

[¶4] On appeal Edwardson asserts he received ineffective assistance of counsel during the underlying criminal proceedings. He argues an email

generated by an administrative assistant at the Bureau of Criminal Investigations (BCI) subsequent to his change of plea is newly discovered evidence justifying the withdrawal of his guilty plea. He further argues the email conclusively establishes the charge of failing to register was unlawful because the city of Fargo was imposing registration requirements for a homeless person inconsistent with the BCI email. Finally, Edwardson argues he was not sufficiently informed of the minimum mandatory sentence prior to his plea of guilty.

II

[¶5] The BCI's email is the foundation for Edwardson's assertions he received ineffective assistance of counsel, there is newly discovered evidence, and the charge of failing to register as a sexual offender is unlawful. The email was sent by an administrative assistant at the BCI to the Fargo Police Department in response to an inquiry about the registration requirements for homeless individuals. Edwardson claims he was in compliance with the registration requirements for a homeless person as outlined in the BCI email, his counsel was ineffective by failing to investigate the registration requirements and assert compliance as a defense, and the charge against him is unlawful because the registration requirements imposed by the City of Fargo are inconsistent with the BCI email.

[¶6] Edwardson's focus on the BCI email is misplaced. The factual foundation for the charge as asserted by the State and agreed to by Edwardson as part of his change of plea was that Edwardson had been staying at a hotel from March 1, 2017, to March 31, 2017, and he failed to register the address of the hotel. The definition of "homeless" as it applies to the requirement to register excludes "individuals who are temporarily domiciled or individuals residing in public or private shelters." N.D.C.C. § 12.1-32-15(1)(c). "Temporarily domiciled" includes being "at a location for longer than ten consecutive days." N.D.C.C. § 12.1-32-15(1)(h). Edwardson was required to register the location he was temporarily domiciled. N.D.C.C. § 12.1-32-15(2). Regardless of whether the BCI email accurately recites the registration requirements for individuals who are homeless and whether Edwardson

2

satisfied the requirements for a homeless individual, he agreed he failed to register the location where he was temporarily domiciled. The registration requirements for individuals who are homeless as described in the BCI email is therefore not legally relevant to this case.

III

[¶7] This Court applies the *Strickland* test in reviewing claims of ineffective assistance of counsel which requires Edwardson to prove two prongs to establish his claim. *Stein v. State*, 2018 ND 264, ¶ 6, 920 N.W.2d 477 (citing *Garcia v. State*, 2004 ND 81, ¶ 5, 678 N.W.2d 568; *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984) (providing the analytical framework for ineffective assistance claims)). Prong one requires Edwardson to prove his attorney's performance fell below an objective standard of reasonableness. *Stein*, at ¶ 6. An attorney's performance is measured through consideration of the prevailing professional norms. *Id.* Edwardson must provide sufficient proof to overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional assistance, and this Court is required to consciously attempt to limit the distorting effect of hindsight. *Id.* Prong two requires Edwardson to show that the attorney's deficient performance resulted in prejudice. *Id.* To establish prejudice where a defendant has entered a plea of guilty, Edwardson "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

[¶8] The North Dakota Rules of Civil Procedure govern post-conviction relief proceedings. *Blackcloud v. State*, 2018 ND 50, ¶ 5, 907 N.W.2d 758. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. *Id.* "Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous." *Id.* "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a

3

definite and firm conviction a mistake has been made." *Id.* (citing *Roe v. State*, 2017 ND 65, ¶¶ 4–5, 891 N.W.2d 745 (quoting *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900)).

[¶9]   A hearing was held on Edwardson's application for post-conviction relief on May 15, 2019. Edwardson and his prior counsel provided testimony at the hearing. Based on the testimony the district court found Edwardson had failed to make a sufficient showing his attorney was ineffective in his representation, his attorney's conduct did not fall below an objective standard of reasonableness, and he was not harmed by the representation he was provided. As noted above, Edwardson's arguments are tethered to his belief the BCI email is legally relevant to this case, and we have concluded it is not legally relevant to this case. Edwardson has failed to establish the district court's findings were induced by an erroneous view of the law, were not supported by any evidence, and we are not left with a definite and firm conviction a mistake has been made. We affirm the denial of Edwardson's claim of ineffective assistance of counsel.

IV

[¶10] Edwardson asserts on appeal that when he changed his plea the mandatory minimum sentence was never disclosed. He concedes this issue was not raised in the district court.

[¶11] "Arguments raised for the first time on appeal generally will not be considered by this court." *Berlin v. State*, 2000 ND 13, ¶ 20, 604 N.W.2d 437. With regard to post-conviction relief proceedings we have held that issues not raised in the application for post-conviction relief cannot be raised for the first time on appeal. *Murchison v. State*, 1998 ND 96, ¶ 15, 578 N.W.2d 514. Because Edwardson did not raise this issue in his application for post-conviction relief, we decline to review Edwardson's claim on appeal.

V

[¶12] Edwardson has failed to establish the district court's findings supporting the denial of his application for post-conviction relief were clearly erroneous

and we decline to review issues not raised in his application for post-conviction relief. The judgment dismissing Edwardson's application for post-conviction relief is affirmed.

[¶13] Jon J. Jensen
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.