# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 117

Bradley Joe Morales,                                          Petitioner and Appellant

  v.

State of North Dakota,                                          Respondent and Appellee

No. 20200019

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Bradley J. Morales, Minot, ND, petitioner and appellant; submitted on brief.

Rozanna C. Larson, State's Attorney, Minot, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1] Bradley Morales appeals from a district court order dismissing his application for post-conviction relief. We affirm.

I

[¶2] Bradley Morales was charged with murder and found guilty by a jury. A criminal judgment was entered in September 2018. In July 2019, this Court reversed the judgment and remanded for a new trial. *State v. Morales*, 2019 ND 206, 932 N.W.2d 106. In December 2019, Morales filed an application for post-conviction relief. At the time Morales filed his application for post-conviction relief, a new trial date had not been scheduled. The State moved for summary disposition under N.D.C.C. § 29-32.1-09, arguing post-conviction relief was not permitted because the conviction was reversed and remanded. The district court dismissed Morales' application for post-conviction relief.

II

[¶3] On appeal, Morales argues he was denied due process and the district court abused its discretion by dismissing his application because he should have been permitted an evidentiary hearing to argue he received ineffective assistance of counsel in his criminal trial.

> The Uniform Post-Conviction Procedure Act authorizes summary disposition only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." N.D.C.C. § 29-32.1-09(1). We review an appeal from a summary denial of post-conviction relief like we review an appeal from a summary judgment.

*DeCoteau v. State*, 1998 ND 199, ¶ 4, 586 N.W.2d 156. "If the State moves for summary dismissal, putting a petitioner to his proof, a minimal burden shifts to the petitioner to support his application with admissible evidence, by affidavit or other comparable means, to raise a genuine issue of material fact." *Overlie v. State*, 2011 ND 191, ¶ 7, 804 N.W.2d 50.

[¶4] Section 29-32.1-01(1), N.D.C.C., provides "[a] person who has been convicted of and sentenced for a crime may institute a proceeding applying for relief under this chapter." "An appellate reversal vacates the judgment so that the parties are placed in the same position as before entry of the judgment." *Mahoney v. Mahoney*, 1997 ND 149, ¶ 36, 567 N.W.2d 206.

[¶5] Morales had the burden of proof and cannot meet his burden. Morales acknowledges his criminal judgment was reversed and remanded, but maintains he received ineffective assistance of counsel during his criminal trial. At this point, because the judgment was reversed and remanded, and a new trial has not occurred, Morales has not been convicted of a crime. As a matter of law, Morales is not entitled to post-conviction relief as he does not meet the requirements of N.D.C.C. § 29-32.1-01. The district court did not err in dismissing the application.

[¶6] Other arguments made by Morales are unnecessary to this opinion or are without merit. We affirm the district court order.

[¶7]  Lisa Fair McEvers
      Gerald W. VandeWalle
      Jerod E. Tufte
      Daniel J. Crothers
      Jon J. Jensen, C.J.