# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 142

Michael Allen Truelove,                                        Petitioner and Appellant

     v.

State of North Dakota,                                        Respondent and Appellee

### No. 20190388

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Leah J. Viste, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

# Truelove v. State
## No. 20190388

**Jensen, Chief Justice.**

[¶1]   Michael Truelove appeals from an order dismissing his application for post-conviction relief.  Truelove alleges he received ineffective assistance of counsel during his trial and requests his criminal judgment vacated.  Truelove first asserts that he did not consent to his counsel's concession to the jury that he struck the victim.  Truelove's second assertion is that he was coerced into testifying at trial.  Finally, Truelove asserts that there was a lack of effective communication with his trial counsel.  We affirm.

I

[¶2]   Truelove was charged with terrorizing, aggravated assault, gross sexual imposition, and interference with a telephone during an emergency call. During opening statements at the trial, Truelove's trial counsel informed the jury that Truelove would be testifying and that Truelove struck the victim. Truelove's trial counsel explained that Truelove would tell the jury his account of the events and that Truelove used poor judgment when he struck the victim. Truelove subsequently testified and during his testimony admitted to striking the victim.  The jury found Truelove guilty on all four charges.

[¶3]   Truelove appealed his conviction.  *State v. Truelove*, 2017 ND 283, 904 N.W.2d 342.  Truelove challenged his conviction on the charge of gross sexual imposition, arguing there was insufficient evidence in the record to support the conviction.  *Id.* ¶ 7.  We affirmed the judgment convicting Truelove of gross sexual imposition, finding the record contained sufficient evidence to support the conviction.  *Id.* ¶¶ 11-12.

[¶4]   Following his direct appeal, Truelove applied for post-conviction relief. A hearing was held on the application during which both Truelove and his trial counsel testified.  Truelove does not contest that he met with his trial counsel several times leading up to the trial.  Truelove did not dispute his trial counsel's testimony that during their first meeting, Truelove communicated that he wanted the jury to hear his side of the story.  Truelove did not dispute

1

that during subsequent meetings Truelove and his trial counsel discussed the circumstances surrounding the case and trial strategy. Truelove did not dispute that although they disagreed on the admission of some evidence, they did agree it was in Truelove's best interest for Truelove to testify at the trial and to concede to the other charges in an attempt to persuade the jury that he did not commit the offense of gross sexual imposition. Truelove testified that he felt he was coerced into following the trial strategy. However, Truelove never informed his counsel that he did not want to testify or that he did not want to concede to having struck the victim.

[¶5] The district court dismissed Truelove's application for post-conviction relief. The court found that Truelove's trial counsel was not ineffective, and that even if Truelove's trial counsel had been ineffective, there was no prejudice to Truelove. On appeal, Truelove claims he received ineffective assistance of counsel during trial for three reasons. First, Truelove asserts his counsel violated his personal right to decide the objective of the defense during the opening statement when his trial counsel conceded to the jury that Truelove struck the victim. Truelove argues the concession that he struck the victim was effectively a concession that Truelove was guilty of committing aggravated assault, one of the charged offenses. Second, Truelove asserts his trial counsel violated his personal right to decide whether to testify when, during the opening statement, his trial counsel stated that Truelove would testify. Third, Truelove argues there was a lack of effective communication with his attorney.

II

[¶6] "The North Dakota Rules of Civil Procedure govern post-conviction relief proceedings." *Edwardson v. State*, 2019 ND 297, ¶ 8, 936 N.W.2d 376 (citing *Blackcloud v. State*, 2018 ND 50, ¶ 5, 907 N.W.2d 758). "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Id.* "Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous." *Id.* "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although

2

there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* (citing *Roe v. State*, 2017 ND 65, ¶¶ 4-5, 891 N.W.2d 745).

[¶7]   This Court applies the *Strickland* test in reviewing claims of ineffective assistance of counsel, which requires Truelove to prove two prongs to establish his claim. *Edwardson*, 2019 ND 297, ¶ 7, 936 N.W.2d 376 (citing *Stein v. State*, 2018 ND 264, ¶ 6, 920 N.W.2d 477); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984) (providing the analytical framework for ineffective assistance claims).   Prong one requires Truelove to prove his attorney's performance fell below an objective standard of reasonableness. *Id.* "An attorney's performance is measured through consideration of the prevailing professional norms." *Id.* Truelove must provide sufficient proof to overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional assistance, and this Court is required to consciously attempt to limit the distorting effect of hindsight. *Id.* Prong two requires Truelove to show that the attorney's deficient performance resulted in prejudice. *Id.* To meet the burden on the prejudice prong, Truelove must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kalmio v. State*, 2018 ND 182, ¶ 21, 915 N.W.2d 655 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* To meet the prejudice prong, Truelove must show there is a reasonable probability trial counsel's errors changed the result of the direct appeal. *Id.*

III

[¶8]   Relying on the United States Supreme Court decision *McCoy v. Louisiana*, Truelove argues his trial counsel violated his right to decide the objective of the defense by conceding guilt to the aggravated assault charge. 138 S. Ct. 1500, 200 L. Ed. 2d 821, 86 U.S.L.W. 4271 (2018).   In *McCoy*, citing to the Sixth Amendment of the United States Constitution, the United States Supreme Court held that "[w]hen a client expressly asserts that the objective of 'his [defense]' is to maintain innocence of the charged criminal acts, his

3

lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509. We review claims that a defendant's constitutional rights were violated de novo. *State v. Foster*, 2020 ND 85, ¶ 9, 942 N.W.2d 829 (citing *City of Bismarck v. Sokalski*, 2016 ND 94, ¶ 10, 879 N.W.2d 88).

[¶9]  Truelove contends he is similarly situated to the defendant in *McCoy* and his right to decide on the objective of the defense was violated by his trial counsel. However, there are significant differences between the facts in *McCoy* and the present case. In *McCoy*, the defendant objected to his counsel's proposed trial strategy of conceding guilt to the jury, and insisted to his counsel that the objective of the defense was to maintain his innocence. 138 S. Ct. at 1506. In *McCoy*, when the defendant's trial counsel began to concede the defendant's guilt during opening statements, the defendant protested to the court that he did not agree with his counsel's concession. *Id.* at 1506-07. The record, in *McCoy*, indicated that defendant had objected to the trial strategy and wanted to maintain his innocence. *Id.* at 1506-07.

[¶10] The statement of trial counsel at issue in this case was that Truelove had struck the victim, not necessarily a definitive statement of guilt as was present in *McCoy*. More importantly, the record here does not indicate Truelove objected to the trial strategy or wanted to maintain his innocence to the aggravated assault charge. The record indicates that Truelove, unlike the defendant in *McCoy*, agreed with his trial counsel's proposed strategy of conceding that Truelove had struck the victim in an attempt to persuade the jury that he was not guilty of the more serious charge of gross sexual imposition. Truelove is second-guessing the original trial strategy. Because Truelove agreed to the trial strategy of conceding he had struck the victim, this case is distinguishable from *McCoy* and is more properly evaluated as an assertion of ineffective assistance of counsel due to a choice of trial strategy.

[¶11] Our precedent for evaluating whether a particular trial strategy resulted in an ineffective assistance of counsel is well established: Trial strategy is the attorney's province and "[o]n appeal, we do not second guess matters of trial tactics, such as the decision to call certain witnesses, hire private investigators, or how to question certain witnesses." *Noorlun v. State,* 2007 ND 118, ¶ 12, 736 N.W.2d 477 (citing *State v. Austin*, 2007 ND 30, ¶ 32, 727 N.W.2d 790). Matters of trial strategy and tactics are for trial counsel to decide, not the appellate courts. *Stoppleworth v. State*, 501 N.W.2d 325, 328 (N.D. 1993). When trial counsel gives coherent and rational reasons for proceeding the way he did at trial, we will not second-guess the trial strategy and tactics of the attorney. *DeCoteau v. State*, 2000 ND 44, ¶ 12, 608 N.W.2d 240; *see also State v. Wiplinger*, 343 N.W.2d 858, 861 (Minn. 1984) (identifying a defense counsel strategy to admit guilt makes sense "where the defense attorney desires to admit that defendant is guilty of one of two charges in the hope of increasing his credibility with the jury and increasing the chance that the jury will acquit defendant on the other charge").

[¶12] Truelove and his counsel discussed trial strategy on several occasions. They discussed how the circumstances around the case made it a very difficult case to defend. Both Truelove and counsel agreed that the trial strategy was to have Truelove admit to the other charges in an attempt to persuade the jury that he did not commit the gross sexual imposition. Truelove's counsel gave coherent and rational reasons for the trial strategy and we will not second-guess the trial strategy and tactics of the attorney. The district court's finding that Truelove's trial counsel was not ineffective is not clearly erroneous. The pursuit of trial strategy which included a concession during opening statements that Truelove had struck the victim did not fall below the standard of reasonable professional assistance. The finding was not induced by an erroneous view of the law, the finding is supported by the evidence in the record, and we are not left with a definite and firm conviction a mistake has been made.

5

[¶13] Truelove argues his counsel violated his personal right to decide whether to testify when his attorney coerced him into testifying by telling the jury during opening statements that he would be testifying. "Criminal defendants have a constitutional right to testify on their own behalf." *Ratliff v. State*, 2016 ND 129, ¶ 3, 881 N.W.2d 233 (quoting *State v. Antoine*, 1997 ND 100, ¶ 5, 564 N.W.2d 637). Testifying is a personal right, and only the defendant may waive it. *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987 (1983)). We review claims that a defendant's constitutional rights were violated de novo. *State v. Foster*, 2020 ND 85, ¶ 9, 942 N.W.2d 829.

[¶14] During Truelove's meetings with his counsel prior to trial, they discussed the prospect of Truelove testifying at trial. At the evidentiary hearing, Truelove's trial counsel testified as follows: "Truelove, from day one, made it absolutely clear to me that he wanted the jury to hear his side of the story." Truelove's counsel did not believe there was ever an issue of whether Truelove should testify because he believed it was in Truelove's best interest to testify and Truelove never told him that he did not want to testify. Truelove does not contend that he told his trial counsel he did not want to testify and does not contend he ever expressed to his trial counsel that he no longer wanted to testify.

[¶15] The determination of whether Truelove was coerced into testifying is a question of fact. "The task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence." *Odom v. State*, 2010 ND 65, ¶ 12, 780 N.W.2d 666 (quoting *Sambursky v. State*, 2008 ND 133, ¶ 12, 751 N.W.2d 247). The district court considered Truelove and his trial counsel's testimony and found that Truelove's counsel was not ineffective. The decision of whether Truelove should testify was a matter of trial strategy and Truelove failed to show his counsel's representation fell below an objective standard of reasonableness in the pursuit of that particular trial strategy. After our review of the record, we conclude the court's finding that Truelove's trial counsel's representation did not fall below a standard of reasonable assistance was not

clearly erroneous. The finding was not induced by an erroneous view of the law, is supported by the evidence in the record, and we are not left with a definite and firm conviction a mistake has been made.

V

[¶16] Truelove argues that his trial counsel's representation was ineffective because of the lack of effective communication. Truelove argues the lack of effective communication is shown by Truelove and his counsel's disagreement of what evidence to submit at trial and the timeliness of when he received discovery. "Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous." *Edwardson v. State*, 2019 ND 297, ¶ 8, 936 N.W.2d 376. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id.*

[¶17] Truelove met with trial counsel approximately thirteen times. Truelove does not contest that he received the case discovery in a timely manner from his trial counsel. The district court found Truelove's counsel was not ineffective. The finding was not induced by an erroneous view of the law, is supported by the evidence in the record, and we are not left with a definite and firm conviction a mistake has been made. The finding was not clearly erroneous.

VI

[¶18] The district court's finding that Truelove's counsel was not ineffective was not clearly erroneous. The concession Truelove had struck the victim made by Truelove's counsel during opening statements was an agreed upon trial strategy and that the pursuit of that particular trial strategy did not fall below an objective standard of reasonableness. Truelove was not coerced into testifying at trial, the decision to have Truelove testify was an agreed upon trial strategy, and that the pursuit of that particular trial strategy did not fall below an objective standard of reasonableness. There was effective communication between Truelove and his counsel, and the representation

provided to Truelove did not fall below an objective standard of reasonableness. The district court's order dismissing Truelove's application for post-conviction relief is affirmed.

[¶19] Jon J. Jensen, C.J.
Lisa Fair McEvers
Gerald W. VandeWalle
Jerod E. Tufte
Daniel J. Crothers