# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 42

Sheldon George Davis,                                Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

No. 20250319

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Per Curiam.

Sheldon G. Davis, self-represented, Bismarck, N.D., petitioner and appellant; on brief.

Rachel R. Egstad and Megan J. Kvasager Essig, Assistant State's Attorneys, Grand Forks, N.D., for respondent and appellee; on brief.

**Davis v. State**
No. 20250319

**Per Curiam.**

[¶1] Sheldon Davis appeals from an order denying his application for postconviction relief. Davis claims he received ineffective assistance of counsel because his trial counsel failed to investigate and call certain witnesses and present certain evidence. After an evidentiary hearing, at which Davis and Davis's trial counsel testified, the court found Davis failed to establish that his trial counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for the alleged errors of counsel, the outcome of trial would have been different.

[¶2] Findings of fact made in a postconviction relief proceeding are subject to the clearly erroneous standard of review. *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521. We conclude the district court did not clearly err in finding Davis did not prove his counsel's conduct fell below an objective standard of reasonableness. *Truelove v. State*, 2020 ND 142, ¶ 11, 945 N.W.2d 272 ("Trial strategy is the attorney's province and on appeal, we do not second guess matters of trial tactics, such as the decision to call certain witnesses, hire private investigators, or how to question certain witnesses." (cleaned up)); *Broadwell v. State*, 2014 ND 6, ¶ 7, 841 N.W.2d 750 ("Courts need not address both elements of the ineffective assistance of counsel test, and if a court can dispose of the case by addressing only one element, it is encouraged to do so.").

[¶3] To the extent Davis attempted to raise other issues, those issues were inadequately briefed, failing to meet the minimum requirements of N.D.R.App.P. 28(b). *Hoever v. Wilder*, 2024 ND 58, ¶¶ 5-8, 5 N.W.3d 544; *State v. Noack*, 2007 ND 82, ¶¶ 8-9, 732 N.W.2d 389.

[¶4] We summarily affirm under N.D.R.App.P. 35.1(a)(2), (7), and (8).

[¶5] Lisa Fair McEvers, C.J.
     Daniel J. Crothers
     Jerod E. Tufte
     Jon J. Jensen
     Douglas A. Bahr